LOUISA HAYNES *vs.* JOHN M. NICE.

An oral promise to pay for past and future board of the child of another at a certain weekly rate is severable, and so much of it as is not within the statute of frauds will support an action on a general count for the child's board.

A creditor, receiving payments from his debtor without any direction as to their application, may apply them to a debt on which the statute of frauds does not allow an action to be maintained.

CONTRACT on an account dated December 25, 1866, for twenty-four weeks' board of the defendant's child. The answer among other defences set up the statute of frauds.

At the trial in the superior court, before *Wilkinson,* J., the plaintiff introduced evidence which tended to prove that the defendant came to her house in January 1866 with Hannah Hurley, who was pregnant that he said in the plaintiff's hearing that he was the father of the child, and asked the plaintiff to

take care of Hurley during her confinement, and the plaintiff did so ; that Hurley paid her for doing so, and afterwards paid something towards the board of the child, which was born near the end of January ; that in July there was a balance of sixty-seven dollars due for the child's board, when the defendant came again to the plaintiff and promised to pay both for its past and future board at the rate of three dollars per week, and paid thirteen dollars at that time, and in August twenty-five dollars ; and that the child was boarded by the plaintiff from the time of its birth to the date of the account in suit.

The defendant requested the judge to instruct the jury " that, if the defendant promised to pay for the past and future board of the child, by the terms of the promise and the plaintiff's declaration it was an entire contract, and could not be separated ; that, the past part of said contract being void by the statute of frauds, it being a contract to pay the debt of another and not in writing, the whole contract was void ; and that, even if only part of it was void, and if the defendant paid thirteen dollars and twenty-five dollars after it was made, and no appropriation was made of such payments, the law would appropriate them towards the valid part of the contract."

The judge declined this request, and instructed the jury " that, if the defendant made such contract, he would be liable for the future board, but not for the past board, of the child, it being a contract to pay the debt of another and not in writing according to the requirements of the statute of frauds ; and that, if nothing was said when the money was paid, the plaintiff would have the right to appropriate the same towards the payment of the past part of the contract."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. C. Sanborn,* for the defendant.

*E. J. Sherman,* for the plaintiff, was not called upon.

GRAY, J. The evidence introduced by the plaintiff at the trial tended to prove that the defendant made an oral promise to pay for the past and future board of the child at a certain weekly rate. The judge presiding at the trial instructed the jury that

if the defendant made such a contract, he would be liable for the future board of the child; but not for the past board, because the contract to pay for that was a promise to pay the debt of another and within the statute of frauds. The latter part of this instruction was in the defendant's favor and is not excepted to. And he has no just ground of exception to the first part; for the promise to pay for both past and future board at a certain rate was clearly severable, and the plaintiff under a general count (such as this declaration contains) might recover for so much as was not within the statute. *Rand'* v. *Mather,* 11 Cush. 1. *Allen* v. *Leonard,* 16 Gray, 202.

The instruction as to the appropriation of payments was equally correct. A creditor, receiving payments from his debtor without any direction as to their application, may appropriate them to any debt which he holds against him, and which is not illegal, even if it would not support an action, either because the law, without prohibiting the contracting of such a debt, has declared that no action shall be maintained upon it, or because a right of action once existing has been barred. *Philpott* v. *Jones* 4 Nev. & Man. 14; *S. C.* 2 Ad. & El. 41. *Rohan* v. *Hanson,* 11 Cush. 47. *Mills* v. *Fowkes,* 5 Bing. N. C. 455; *S. C.* 7 Scott, 444. *Ramsay* v. *Warner,* 97 Mass. 13. The statute of frauds does not make an oral promise to pay the debt of another unlawful, or prohibit its performance, but only prevents the maintenance of an action upon it. This plaintiff was allowed to maintain her action upon so much only of the defendant's contract as was not within the statute. *Exceptions overruled.*