### JOHN PIERCE *vs.* BRIGGS MANN.

Suffolk.    November 15. — 26, 1880.    LORD & SOULE, JJ., absent.

If a debtor, after obtaining a discharge in insolvency, performs work for his creditor, under an oral agreement that the value of the work shall be applied in payment of the old debt, he cannot maintain an action for such work; and the Gen. Sts. *c.* 105, § 3, do not apply to the case.

CONTRACT upon an account annexed for work done and materials and money furnished by the plaintiff to the defendant. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

The defendant admitted the correctness of the items of the plaintiff's account; but offered to prove that the plaintiff, at the time of his insolvency hereinafter mentioned, was indebted to the defendant, and, after obtaining his discharge in insolvency, had orally promised the defendant to pay him the debt and interest thereon. The judge, against the plaintiff's exception, admitted this evidence; and found that, at the time the plaintiff filed his petition in insolvency, January 24, 1862, he owed the defendant a balance of $263, $250 of which was represented by interest-bearing notes; that, at that time and afterwards, he orally promised to pay the defendant said debt and interest; that the plaintiff received his discharge in insolvency on June 24, 1862; that the debt due the defendant was one provable, and was proved, against the plaintiff's estate, but no dividend was paid; and further found, that all the items charged in the plaintiff's account were furnished under an agreement that they should be applied in payment of the debt to the defendant and interest accruing thereon, as if the same had not been discharged.

The plaintiff contended, and asked the judge to rule, that, under the Gen. Sts. *c.* 105, § 3, it was not competent to prove

such an oral agreement; and that the same was not a defence to this action. But the judge refused so to rule; ruled that the plaintiff could not now recover for the items so voluntarily furnished under said agreement; and, having found that the amount of the debt to the defendant and interest exceeded the plaintiff's account, ordered judgment for the defendant. The plaintiff alleged exceptions.

*B. J. Gerrish*, for the plaintiff.

*J. M. Baker*, for the defendant.

GRAY, C. J. The plaintiff relies upon that section which has been added to the statute of frauds of this Commonwealth, by which it is provided that no oral promise for the payment of any debt, made by an insolvent debtor who has obtained his discharge in insolvency, shall be evidence of a new or continuing contract, whereby to deprive him of the benefit of relying upon such discharge in bar of the recovery of a judgment upon such debt. Gen. Sts. *c.* 105, § 3.

But that statute has no application to this case. Upon the debt of Pierce to Mann, from which Pierce has been discharged in insolvency, Mann has not brought an action, and does not attempt to recover by way of set-off; nor does he in any way seek to avail himself of Pierce's oral promise to pay that debt, so as to deprive Pierce of the benefit of relying upon his discharge in insolvency to prevent Mann from enforcing that debt against him. Mann relies upon the agreement of Pierce to pay that debt, not as an independent promise, but as a part of the very contract under which Pierce performed the work for which he now seeks to recover compensation.

Upon the facts found by the judge, before whom the case was tried without a jury, Mann never made any express promise to pay Pierce in money for his work; and no promise so to pay can be implied, because, by the terms of the contract between the parties, upon which this action is brought, the work of Pierce was to be done on account of his debt to Mann, and to be applied in payment of that debt, and a right to recover any other compensation for his work is inconsistent with that contract.

Such being the only contract between the parties as to the work to be done by Pierce for Mann, the effect of the performance of the work by Pierce was not to give him any right of

action against Mann, but only to pay *pro tanto* his own debt to him. *Kelley* v. *Pike*, 5 Cush. 484, 487. Although Pierce has thus paid his debt to Mann in work, and not in money, the case stands exactly as if he had paid it in money and now sought to recover back money so paid. See *Haynes* v. *Nice*, 100 Mass. 327.                                    *Exceptions overruled.*