HENRY BILL PUBLISHING COMPANY *vs.* JOHN UTLEY.

Suffolk.    November 11, 1891. — January 8, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Application of Payments by Creditor.*

A creditor receiving payments from his debtor, without any direction as to their application, may appropriate them to any legal debt which he holds against the debtor.

CONTRACT upon two instruments, dated August 19 and December 20, 1882, respectively, by which the defendant guaranteed the payment of books sold by the plaintiff to one Snow, to the amount of $400. At the trial in the Superior Court, without a jury, *Bishop,* J. ruled, at the defendant's request, that the guaranties were not continuing.

The plaintiff offered evidence that, on January 1, 1883, after which a new arrangement was entered into between Snow and

the plaintiff, Snow was indebted to it for books delivered in compliance with the terms of the guaranties, to an amount greater than the amount guaranteed; and that deliveries of books, of which the defendant was notified, were made to Snow after that date to a large amount.

The defendant put in evidence certain receipts given by the plaintiff to Snow to the amount of $600 paid it by Snow at different times after January 1, 1883, reciting that the amount had been placed to his credit on account. It also appeared that the account with Snow on the plaintiff's books, after that date, followed the previous account, and was separated from it by a footing up of the previous account and by a line drawn across the page; and it further appeared that the $600 were remitted by Snow to the plaintiff without any indication by Snow whether he desired them applied under the new arrangement or the old; and that the plaintiff debited the books sent to Snow, and credited the amount received from him, in the order of the dates of sending and receiving, upon the second account, beginning after the footing up; and that the sums so received were entered on the account as a credit, at the different dates, against the words " By cash," without any other designation or mark. The president of the plaintiff company, against the defendant's objection, was permitted to testify that he applied these sums to the payment for books delivered after January 1, 1883.

The defendant asked the judge to rule, that, upon all the testimony, no application had been made by the plaintiff of the sums so received at the time of being received, and that such payment must be applied to the earliest items due from said Snow to the plaintiff. The judge declined so to rule, and found that the payments were applied by the plaintiff, when received, to the settlement for books delivered after the expiration of the guaranties.

*R. Lund*, for the defendant.

*J. D. Long*, for the plaintiff.

ALLEN, J. On the 1st of January, 1883, the defendant was liable to the plaintiff upon his guaranty. He has paid nothing upon the account; and Snow has made no payment which he directed to have applied to this account, but being indebted

on this account, and also upon another account kept separately by the plaintiff, for books bought by Snow afterwards, he paid certain sums of money without designating upon which account they should be applied. The court, upon competent evidence, found that the plaintiff, at the time of receiving said payments, applied them upon the later account. This the plaintiff was at liberty to do. *Haynes* v. *Nice,* 100 Mass. 327. The difficulty with the defendant's case is, that the facts were found against him. We see no error in law. *Exceptions overruled.*