SOLOMON COHEN, APPELLANT, VS. E. M. L'ENGLE AND W. A. DELL, PARTNERS UNDER FIRM NAME OF STATE BANK OF FLORIDA, APPELLEES.

APPLICATION OF PAYMENTS—PLEADINGS—EVIDENCE.

1. A bank holds an aggregate indebtedness of $7,014 against D. as principal debtor made up of divers notes, upon some of which other parties were joint makers with the principal debtor, and upon others of which still other different third persons were accommodation endorsers and sureties. D., the principal debtor, makes an assignment to Y. for the benefit of his creditors generally, in which the bank's entire claim is preferred. The assignee, Y., makes dividend payments to the bank upon its aggregated claim, without any directions as to whether such payments should be applied by the bank to any particular item or part of its claim, or not; *Held*, that in such case, whether the assignee gave any directions or not as to the application to be made by the bank of the payments made by him, *the law* applies the payments made by the assignee *pro rata* among and between all of the different unpaid obligations or evidences of indebtedness held by the creditor against such principal assigning debtor, without regard to any seniority as between such evidences of indebtedness in date or maturity; *Held, further*, that the creditor, in such case, had no right, with or with-

out directions from the assignee as to the application of his payments, to apply them otherwise than *pro rata* as credits upon the different unpaid evidences of indebtedness held by such creditor against the assigning principal debtor ; *Held further*, that the payments made by the assignee, in such case, should be applied *pro rata* among *all* of the different unpaid evidences of indebtedness held by the creditor against the assigning principal debtor, notwithstanding the fact that for *some* of his evidences of indebtedness the creditor may hold other distinct and independent collateral securities pledged to him by the debtor prior to his assignment as security for such distinct items of his claim. The payments made by the assignee should be applied *pro rata* to those items of the creditor's claim for which he holds independent collateral securities, as well as to all the other different evidences of his claim.

2. The general rule is, that a creditor, who holds several obligations or claims against his debtor, has the right to apply a payment made to him by the debtor to either of the obligations he holds, unless the debtor at the time of making the payment directs its application, which right the debtor has in every case. But this rule is confined to cases of *voluntary* payments by the debtor himself, and does not apply to payments made in *invitum,* or to payments made by an assignee or trustee, acting under a deed of assignment by the debtor for the benefit of his creditors generally. In the latter cases *the law* makes the application of the payments *pro rata* to all the separate obligations of the debtor in the proportion that the aggregated claims of the creditor bears to the amount of the payment made ; and this, too, whether the creditor for some parts of his claim holds other independent collateral securities or not.

3. Where a debtor owes his creditor several different obligations, and for some of them pledges other independent collateral securities, and then fails in business and assigns all his effects in trust for the benefit of his creditors generally, the creditor has the right to apply collections made by him out of such collateral securities to those specific portions of his claim for

the security of which such collaterals were pledged, to the exclusion of other obligations of the debtor held by him that did not enter into the pledge of such collaterals.

4. Where an accommodation endorser is sued upon his endorsement, and pleads payment, under such plea he has the right to get the benefit of, and to establish by proofs, any credits that the claim sued upon is legally entitled to, that may have been paid thereon by the principal debtor, or by an assignee acting under a deed of assignment made by the principal debtor for the benefit of his creditors generally ; and, under such plea, has the right to have payments made by such assignee to the suing creditor equitably *pro rated* among *all* of the different obligations held by such creditor against such principal debtor, as well to those upon which he is endorser as to all the others held by the creditor.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*C. P. & J. C. Cooper* for Appellant.

*A. W. Cockrell & Son* for Appellees.

TAYLOR, J. :

The appellees sued the appellant in assumpsit to recover five promissory notes made by M. A. Dzialynski to the appellant as payee, and endorsed by him to the payee, and endorsed by him to the appellees, as follows: Two notes for $500 each, dated August 22d, 1885, payable, respectively, in 60 and 90 days after

42

date ; another for $150, dated August 31st, 1885, payable three months after date ; another for $280, dated July 10th, 1885, payable four months after date ; and another for $234, dated April 13th, 1885, payable six months after date.

To the declaration the appellant as a first plea alleged payment by the maker, M. A. Dzialynski, and by W. A. Young, as assignee of said Dzialynski. On this plea issue was joined. The defendant also pleaded specially, alleging that Dzialynski, the maker of said notes, before the commencement of the suit, had made a general assignment of all his property to one W. A. Young, for the benefit of all his creditors, and that in said assignment the plaintiffs' entire claims against Dzialynski were preferred, inclusive of the notes sued upon, for which the defendant was liable only as accommodation endorser. That the plaintiffs had acquiesced in and accepted said assignment by accepting and receiving from the assignee thereunder large payments upon their claims. That said trust estate was not yet settled or closed, but that a large part of the assets still remained in the hands of the said Young, as assignee, sufficient fully, under said assignment, when disposed of, to pay the plaintiffs' claim in full, inclusive of the endorsed notes sued upon. Said plea claiming that the suit of the plaintiffs should be abated or postponed until said trust was closed, and until after they had received the full *pro rata* share, under said assignment, of the assets thereof. To this plea the plaintiffs demurred, and, upon argument, the demurrer was sustained. This ruling is the first error

assigned.   We find no error here.   The voluntary as-
signment of his effects by the principal debtor for the
benefit of his creditors generally could not have the
effect of suspending the right of any creditor to resort
to the courts for enforcement of his claim out of any
prior existing securities the creditor might have
whether personal or upon property.   Neither could
the acceptance by the creditor of partial payment upon
his claim by the assignee under said assignment have
any such effect.   The most that could be claimed by
any surety out of whom the creditor's claim was en-
forced, in such case, would be a subrogation to any
provisions in such assignment made for the benefit of
such creditor, to the extent that such surety had paid
for the principal debtor.

After this demurrer to his plea was sustained the
defendant interposed a plea upon equitable grounds,
in substance, as follows :   That the defendant was the
accommodation endorser of the notes sued on, and
that the maker thereof, M. A. Dzialynski, received the
benefit of all moneys advanced by the plaintiffs there-
on, except upon the note for $234, that was received
by the defendant.   That the plaintiffs held other evi-
dences of indebtedness from said Dzialynski to the
aggregate amount of $3,500, and held collaterals to se-
cure the same to the aggregate amount of $3,203, in
the shape of divers notes and mortgages of divers third
persons.   That plaintiffs also held, besides all these,
three other joint notes made by M. A. Dzialynski,
Philip Dzialynski and C. L. Mitchell, dated October
26th, 1885, November 26th, 1885, and December 26th,

1885, respectively, for $500 each, aggregating $1,500 ; and held also another note of said M. A. Dzialynski, endorsed by I. Salomon, executor, for $350. That the plaintiffs have been paid by W. A. Young, as assignee of said Dzialynski, $3,112.71, and that they have collected in money on said collaterals held by them $3,045 with interest, making a total received by them of $6,165.71. That said plaintiffs still hold for collection the three joint notes of M. A. Dzialynski, Philip Dzialynski and C. L. Mitchell, aggregating $1,500 principal, besides interest, which are good and collectable, and which, when collected, will largely overpay all of the indebtedness of said M. A. Dzialynski to plaintiffs, including the amount of said notes sued on, on which defendant is endorser. Said plea claims an accounting in the premises from the plaintiffs, and claims credit of all good notes held by plaintiffs and not collected; and asserts that, by reason of said assignment of said Dzialynski, and by reason of said deposit of said collaterals, defendant is entitled as credits to a *pro rata* of all amounts received by plaintiffs from said M. A. Dzialynski and from said assignee and collected by plaintiffs out of said collaterals, and that all of said payments and collections should be distributed equitably among the several notes and evidences of indebtedness held by the plaintiffs on which said M. A. Dzialynski appears as maker or principal debtor, the notes endorsed by defendant included before judgment for any amount can be obtained against him.

To this plea the plaintiffs also demurred upon divers

grounds, and their demurrer was sustained by the court. This ruling is also assigned as error. We do not deem it necessary to notice any of the various special grounds of demurrer urged against this plea. It is sufficient to say that there was no error in sustaining the demurrer thereto. The plea was bad because of its contention that the defendant was entitled as credits upon the notes sued on and endorsed by him to a *pro rata* part of all amounts paid by the principal debtor, M. A. Dzialynski, upon all of his aggregated indebtedness to the plaintiffs, and to a *pro rata* part of all collections made by the plaintiffs from collaterals pledged to them by Dzialynski as security for other specific indebtedness, as well as to a *pro rata* part of all sums paid by W. A. Young, as assignee, under the provisions of Dzialynski's deed of assignment made for the benefit of his creditors generally. The collections made on the collaterals pledged to and deposited with the plaintiffs as security for other specific debts due to them from Dzialynski, were applicable first to the payment of the debts for which they were specifically pledged. The defendant, unless the debts upon which he stood bound as surety were included in those for which such collaterals were pledged, had no claim upon and no rights, either legal or equitable, in such collaterals, nor to any of the avails thereof. To have credited the debt on which the defendant stood as surety with any of the collections from such collaterals, would have wrongfully deprived the plaintiffs of the securities upon the faith of which they extended other credits to the principal debtor ; and to such extent

would have been an impairment of the contract between the plaintiffs and their principal debtor by which they let other moneys go to him on the faith and pledge of such collaterals. Such a diversion of these collaterals might also have wrongfully trenched upon the rights of other third persons who may have become endorsing sureties upon the specific debts secured by such collaterals, upon the faith also of such collaterals to save them harmless, and without which they would not have lent their personal suretyship to such debtor. Upon every principal of equity and right the defendant, under the statement of facts presented by this plea, was not entitled to share in the collections made by the plaintiffs from collaterals held by them to secure other specific debts ; and because of this contention the plea was bad, and the demurrer thereto was properly sustained.

On the 6th of June, 1889, the cause was tried, and resulted in a verdict for plaintiffs for $1,630.72, the full amount due upon the notes sued upon with interest. Judgment being entered upon this verdict, after motion for new trial refused, the defendant takes his appeal therefrom to this court.

At the trial defendant's counsel propounded to W. A. Young, the assignee of M. A. Dzialynski, as defendant's witness, the following question : '' State whether or not in arriving at the *pro rata* amounts which you paid over to the plaintiffs out of the assets of Dzialynski held by you as assignee, you took into consideration the amounts they had collected on the collaterals in their hands, and reduced thereby the indebtedness

held by them before fixing the *pro rata* amounts to be paid to them ?'' Which question the court refused to permit the witness to answer, and this ruling is assigned as error. From the conclusion we have reached as to the proper application of the payments made to the plaintiffs by the assignee, W. A. Young, we think the court erred in refusing the evidence sought to be drawn out by this question. The payments made by the assignee should have been credited by the plaintiffs *pro rata* among the several distinct unpaid evidences of indebtedness that they held at the time or times of such payments by the assignee, as well to those unpaid items of their claim for which they held other and independent collateral securities, as to all the other evidences of such indebtedness for which they held no separate collateral. With this view it became a matter of material inquiry for the defendant to know from the assignee whether in calculating and fixing his *pro rata* payments to the plaintiffs he first reduced that part of their claim against Dzialynski that were secured by collaterals by deducting therefrom the collections made by the plaintiffs out of the independent collaterals held by them ; which collections, as we have seen, were primarily creditable to the specific items of the plaintiffs' claim for which such collaterals were pledged. It became important to the defendant's inquiry because, if the *pro rata* payments by the assignee to the plaintiffs were apportioned after due consideration and deduction by him of the collections made out of the collaterals by the plaintiffs, then the *pro rata* credits to

which the defendant would have been entitled on that part of Dzialynski's debt upon which he was surety out of the payments made by the assignee would have been increased or diminished in proportion as the items of the plaintiffs' claim secured by the collaterals had been diminished by credits from collections made from those collaterals.

It is also assigned as error that the court erred in refusing to permit the defendant to testify that he was merely an accommodation endorser for M. A. Dzialynski on the notes sued upon, and received no benefits therefrom. In this ruling the court erred. The equitable right to have the payments made by the assignee, under the circumstances here, apportioned *pro rata* among the different items of indebtedness held by the plaintiffs against Dzialynski were much stronger in favor of an accommodation endorser thereon, than in favor of a joint principal who had derived benefits from the debt. For this reason it was material to the defendant to show that in reality he was merely an accommodation endorser on the claims sued upon. The real contention in this case is as to the proper application of the payments made by the assignee, W. A. Young, to the plaintiffs. Under his plea of payment the defendant had the right to show and to get the benefit of any and all payments to the plaintiffs, whether partial or in full, that were legally applicable to and creditable upon the claims sued on. Upon the following facts adduced in evidence there seems to be no conflict: The total indebtedness of M. A. Dzialynski to the plaintiffs at the time of his failure and

assignment amounted to $7,014. For $3,500 of this amount, with which the defendant had no connection, the plaintiffs held collaterals pledged by Dzialynski prior to his assignment amounting to $3,203.33. The balance of the above aggregate of the plaintiffs' claim was made up of the notes endorsed by the defendant in suit herein aggregating $1,664; three joint notes on M. A. and Philip Dzialynski and C. L. Mitchell for $500 each, and one note for $350 endorsed by I. Solomon, executor. Of this total indebtedness it appears that the plaintiffs have received from the collaterals pledged to them the sum of $2,885, and have also been paid by the assignee $3,112.79, making a total of $5,997.79 that has been received by the plaintiffs, which, deducted from their total indebtedness, without considering interest, leaves due them a balance of $1,016.21. Their judgment against the defendant herein is for more than this amount, and if paid would about wipe out the total indebtedness of Dzialynski to them, leaving the joint notes aggregating $1,500 of M. A. and Philip Dzialynski and C. L. Mitchell, and the note for $350 endorsed by I. Salomon, executor, still in their hands, paid it is true, but without having been called upon or resorted to for any contribution towards the payment of the aggregate indebtedness of which they formed a component part. This inequitable result, it is evident, was brought about by withholding from the notes sued upon that were endorsed by the defendant, their proper credits for their legitimate *pro rata* of the amounts paid to the plaintiffs by the assignee, W. A. Young. The general rule is, that a

creditor, who holds several obligations or claims against his debtor, has the right to apply a payment made to him by the debtor to either of the obligations he holds, unless the debtor at the time of making the payment directs its application, which right the debtor has in every case.    But this rule is confined to cases of voluntary payments by the debtor himself, and does not apply to payments made *in invitim*, or to payments made by an assignee to trustee, acting under a deed of assignment by the debtor for the benefit of creditors generally.    Where the payments are made *in invitim*, or by an assignee or trustee for the benefit of creditors generally they should be applied *pro rata* to all the separate obligations of the debtor in the proportion that the aggregate claims of the creditor bears to the amount of the payment made ; and this, too, whether the creditor holds other independent collateral securities for parts of his claim or not, and regardless of any seniority in date or maturity.    In such cases, this equitable application of payments is done by operation of law ; so that, when such payments are made by an assignee acting for all the debtor's creditors alike, it can make no difference whether he, at the time he makes the payments, gives any directions or not as to their application.    Commercial Bank vs. Cunningham, 24 Pick., 270 ; Orleans County National Bank vs. Moore, 112 N. Y., 543 ; Bridenbecker vs. Lowell, 32 Barb., 9 ; Burrill on Assignments, sec. 446, to the effect that such payments are not the personal or voluntary act of the debtor.    United States vs. Wardwell, 5 Mason, 82 ; Perris vs. Roberts, 1 Vernon,

34 ; Pattison vs. Hull, 9 Cow., 747 ; Merrimack County Bank vs. Brown, 12 N. H., 320 ; Cage vs. Iler, 13 Miss. (5 Smedes & M.), 410 ; Parker vs. Mercer, 7 Miss. (6 How.), 320 ; Wooten vs. Buchanan, 49 Miss., 386 ; Kramer and Rahm's Appeal, 37 Penn. St., 71. Our conclusion is, that the payments made by W. A. Young, as assignee, should have been credited by the plaintiffs *pro rata* upon all the different unpaid obligations of M. A. Dzialynski held by them, in the proportion that such payments bore to the aggregate of their unpaid claims against him, including those parts of their claim for which they held independent collateral security, as well as those items of their claim upon which the defendant was endorser or joint maker. As this was not done by the jury upon an undisputed state of facts entitling the defendant thereto, the verdict of the jury was contrary to the evidence and to law. After what has been said it is unnecessary to notice other errors assigned.

The judgment of the court below is reversed, and a new trial ordered.