## Charles Hasterlick et al. v. Abraham Applebaum.

| 64 | 433 |
|-----|-----|
| 107 | 348 |

1.   INSTRUCTIONS.—*When Error to Direct a Verdict.*—In an action to recover money upon an account, where the statute of frauds is in the way of a recovery but is not in the way of applying payments as the parties have agreed, the question of the agreement should be submitted to the jury.

**Assumpsit,** for goods sold.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.   Heard in this court at the March term, 1896.   Reversed and remanded.   Opinion filed June 1, 1896.

EDWIN F. ABBOTT, attorney for appellants.

EDWARD H. MORRIS, attorney for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Louis Applebaum, son of the appellee, kept a saloon (dram shop) and owed the appellants. Louis "had a little trouble with a brewery," and by some not very definitely shown arrangement the saloon and the account with the appellants were transferred to the name of the appellee.

The testimony warrants the belief that between all the parties named there was an understanding that dealings with the appellants would be continued as before; that payments would be made at short intervals, and such payments should be applied first to the pre-existing account.

The dealings did continue, and after the transfer the appellants sold goods which were charged to the appellee to the amount of $282.72, and received from him and Lewis $262.98, a difference of $19.74, for which the appellants had judgment.

At the time of the transfer Louis owed the appellants $356.26, so that if all the payments since the transfer were put to the credit of that indebtedness, the appellants ought to have judgment for $282.72.

There is no evidence which, with the statute of frauds in the way, can charge the appellee with the old account, but that statute is not in the way of applying payments as the parties may have agreed. Haynes v. Nice, 100 Mass. 327; 18 Am. & Eng. Ency. of Law, 240 *et seq.*

What the parties did agree should have been left to the jury, but the court instructed them to give the appellants a verdict of $19.74, and the appellants excepted. For this error the judgment is reversed and the cause remanded.