The M. A. Sweeney Company *et al. v.* Fry,

---

THE M. A. SWEENEY COMPANY ET AL. *v.* FRY.

[No. 18,330. Filed October 4, 1898.]

PAYMENT.—*Secured and Unsecured Claims.—Application.*—Where money is received by a creditor without any directions as to how it shall be applied, the creditor may apply the same to the payment of an unsecured indebtedness instead of a secured indebtedness. *p. 180.*

EVIDENCE.—*Weight Of.*—The Supreme Court cannot disturb a judgment merely on the weight of the evidence, where there is some evidence which, if true, fully sustains the finding of the court on which the judgment is based. *p. 181.*

APPEAL AND ERROR.—*Assignment of Errors.— New Trial.—* Where the surety in an action on a promissory note claims any right different from the rights of a co-appellant he should file a separate motion for a new trial and a separate assignment of errors. *pp. 181, 182.*

From the Clark Circuit Court. *Affirmed.*

*Charles P. Ferguson* and *Jonas G. Howard*, for appellants.

*M. Z. Stannard*, for appellee.

MONKS, J.—Appellee was plaintiff in the court below, and recovered judgment against appellants for $5,618.57, and for the foreclosure of a mortgage executed by appellant Carroll on certain real estate in Clark county, Indiana. Appellants' joint motion for a new trial was overruled, to which they excepted.

It is contended by appellants that the court erred in overruling the motion for a new trial. The ground of this contention is, that the evidence was not sufficient to sustain the finding of the court in favor of appellee. The note sued upon was for $10,000, executed by appellant M. A. Sweeney Company, as principal, and Mary Carroll as surety, payable to appellee. The note was secured by a mortgage on real estate, executed by said Carroll. The M. A. Sweeney Company was engaged in the foundry and shipyard business. There was evidence that said company was insolvent, and had a contract to build several boats for the government, and appellee was surety on the bond given to secure the performance of said contract. Appellee loaned said company $10,000 to enable it to purchase material and pay for labor in the construction of said boats, in consideration of which the note and mortgage sued upon were executed. Afterwards said company entered into other contracts to build boats for the government, and appellee advanced for and loaned money to said company, and became its security to others for money borrowed to carry on its business. The money so advanced and loaned, including the $10,000 for which the note and mortgage were given, amounted to $42,486.07. At the time the $10,-000 note was executed, appellee was elected treasurer

of the M. A. Sweeney Company, in order that he might become familiar with its affairs, and see to the application of its money and to the payment of bills. The arrangement was that appellee had the right to apply the money that came into his hands as such treasurer to the payment of the money advanced by him to the company, and to the payment of accounts due him from the company, and to the payment of bills for which he was responsible. He was to have full control of the money as such treasurer, in order that he might protect himself. The amount for which said company was liable to appellee, not including the $10,000 note, was $32,486.07, and appellee's evidence was that he had been repaid by the company only $30,483.06 thereon. Items amounting to $8,913.28 included in the $42,486.07 were disputed by appellants, and appellants also claimed that appellee should be charged with $36,455.22, instead of $30,483.06, as testified to by him.

Under the facts as testified to by appellee, he had full power, as treasurer of said company, to pay the indebtedness of said company, so as to protect his own interests. He was authorized to apply the money of said company in his hands to pay the debts for which he was liable as surety or otherwise to others, and to pay the indebtedness to himself which was unsecured before paying that for which he held security. Even if no such agreement had been made, or if he had not been the treasurer of said company, and the company had paid him the money received by him without any directions as to how it should be applied, he had the right to apply the same to the payment of the unsecured indebtedness of said company to him, instead of the secured indebtedness. 1 Beach Law of Cont., section 390; *Wood* v. *Callaghan,* 61 Mich. 402, 28 N. W. 162; *Northern Nat'l Bank* v. *Lewis,* 78 Wis. 475,

47 N. W. 834; *Haynes* v. *Nice*, 100 Mass. 327; *Henry Bill Pub. Co.* v. *Utley*, 155 Mass. 366, 29 N. E. 635; *Cohen* v. *L'Engle*, 29 Fla. 655, 11 South. 44; *Henry* v. *Dietrich*, 7 N. Y. Supp. 505; *Brownlee* v. *Goldthait*, 73 Ind. 481.

As to the disputed items on either side, there was a sharp conflict in the evidence, and there is nothing in the record showing what disposition the court made of any particular one of them. It is evident, however, that appellee was not allowed all of the items of credit which he claimed, or that the court charged him with money he denied receiving. There was evidence given which, if true, fully sustained the finding of the court that there was due appellee from appellants upon the $10,000 note the sum of $5,618.57. Indeed, if the finding had been for a much larger amount this court could not have interfered therewith, under the well-settled rule that this court cannot disturb a verdict merely on the weight of the evidence. *Schmidt* v. *Zahrndt*, 148 Ind. 447, 457, and cases cited; *Childers* v. *First Nat'l Bank*, 147 Ind. 430, 436, and cases cited; *Smith* v. *McClure*, 146 Ind. 123, 124, and cases cited; *Giles* v. *Canary*, 99 Ind. 116 and cases cited.

Appellant Mary Carroll, claims that under the evidence, even if there could be a recovery against the M. A. Sweeney Company, there should be none against her. It is sufficient to say that the motion for a new trial was made jointly by the M. A. Sweeney Company and Mary Carroll, and, if not well taken as to both, was properly overruled. Appellants also united in a joint assignment of errors. It is well settled that a joint assignment of errors is not available unless it is good as to all, and that a joint motion for a new trial is properly overruled if it is not good as to all. *Earhart* v. *Farmers' Creamery*, 148 Ind. 79, 80, and cases cited; *Armstrong* v. *Dunn*, 143 Ind. 433, 437, and cases

cited; *Goss* v. *Wallace*, 140 Ind. 541, 543, and cases cited; *Carver* v. *Carver*, 97 Ind. 497, 520; *Wolfe* v. *Kable*, 107 Ind. 565, 566, and cases cited; Elliott's App. Proc., Sec. 839.

If said appellant Carroll claimed any right as surety different from the rights of the M. A. Sweeney Company, she should have filed a separate motion for a new trial and a separate assignment of errors. Finding no available error in the record the judgment is affirmed.