Keniston, J.
This is an appeal from the finding for the plaintiff upon a written contract of insurance. The case was submitted upon an agreed statement of facts and the question raised is whether the finding was proper under Regulation No. .15 of the National Housing Act which appears in the Memorandum of the Court’s finding and was in effect and applicable to the right of the plaintiff to recover.
The note, for which reimbursement is sought under the insurance contract, was dated December 18, 1934, was for $339.19 and was payable in thirty-five successive monthly payments of $9.44 each, beginning one month from the date of the. note and a final payment of $8.79 thirty-six *157 months from the date of the note. The note contained the following clause: “Upon default continuing for fifteen days in the payment of any instalment when due under said Loan Agreement . . . , the whole amount of this note shall become due and payable forthwith; after any default, the Company may make any arrangement with any of the undersigned for the payment of this note without same being regarded as a waiver or alteration of any of the terms hereof”.
The makers of the note made the following payments: March 6, 1935 — $18.88; May 11, 1935 — $9.44; June 5, 1935 —$9.44; November 7, 1935 — $9.44; December 6, 1935— $9.44; January 9, 1936 — $9.44; March 9, 1936 — $9.44; May 6, 1936 — $9.44, making a total of $84.96.
Under date of December 11, 1936 the plaintiff prepared a proof of claim on Form FHE-7 (Revised), for reimbursement, and forwarded the same to the Federal Housing Administrator at Washington. This proof of claim was made out on the proper form, was accompanied by the required papers and gave the information required. Under the item in the proof of claim asking for the “Date of default (date of earliest instalment for which payment has not been received)” was filled in “October 18, 1935” and the proof of claim gave a full statement of the dates when payments were due on the note and the dates when payments were made and the amounts thereof. Under date of January 28, 1937 this application for reimbursement was disapproved by the defendant and returned to the plaintiff. Under date of February 1, 1937 the plaintiff returned to the defendant the claim for reimbursement with the papers as previously filed, the only change from the proof of claim as previously filed being that in answer *158 to the item for the “Date of default (date of earliest instalment for which full payment has not been received) ” there was added in parenthesis after the date, “October 18, 1935,” “(January 18, 1935 under the terms of the note — this claim is filed under Reg. 15).”
The court filed the following ‘ ‘ Memorandum ’ ’:
“Regulation No. 15 of the Contract of Insurance involved in this case provides:
‘ Claim for reimbursement for loss on a qualified note may be made to the Federal Housing Administration at any time after payment on such note has been in default for a period of 60 days. If within the first year after default the borrower has not made payments on his obligation aggregating at least 10% of the balance due on the date of default, claim must be made within 30 days thereafter. If in any subsequent six-month period the borrower has not made payments aggregating at least 5% of the unpaid balance as of the beginning of such period, claim must be made within 30 days thereafter. ’ ”
The note involved in this case is dated December 18, 1934. It is payable in 35 successive equal monthly instalments of $9.44 each, beginning one month after date and a final payment of $8.79, 36 months after date.
The borrowers never paid the instalments when due but between January 18, 1935 and May 6, 1936 made one payment of $18.88 and seven payments of $9.44 each, aggregating the sum of $89.96. The plaintiff applied these payments to the monthly instalments in the order in which they became due, and as a result of this application all instalments up to and including the one due September 18, 1935 were paid before the plaintiff filed its claim against the defendant for reimbursement.
*159 Buling: In establishing the date of default the plaintiff is bound by the application of said payments.
Accordingly, on the date when the plaintiff filed its claims against the defendant for reimbursement, as hereinafter set forth, October 18, 1935 was the date of default and the date of the earliest instalment for which full payment had not then been received.
The amount of the borrowers’ obligation on October 18, 1935, was the sum of $301.43. During the year following October 18, 1935, or between that date and October 18, 1936, the borrowers paid the sum of $47.20 which was at least, and more than, 10% of the unpaid balance of said note as of October 18, 1935.
Buling: The plaintiff was not obliged to file its claim against the defendant for reimbursement within one year and 30 days after October 18, 1935.
The plaintiff filed its claim against the defendant for reimbursement on or about December 15, 1936 and stated therein that October 18, 1935 was the date of default and the date of the earliest instalment for which full payment had not been received. On or about January 28, 1937 the defendant disapproved this claim and on or about February 1st, 1937 the plaintiff filed an amended claim against the defendant for reimbursement and in answer to question (1) relating to the date of default and date of earliest instalment for which full payment had not been received stated as follows: ‘October 18, 1935. (Jan. 18, 1935 under the terms of the note — this claim is filed under Beg. 15) and the defendant refused to pay the amount of said claim.
Both said claims were filed after the default in payment by the borrowers had continued for more than 60 days and before -the expiration of six months and 30 days *160 after October 18, 1936. Ruling: The plaintiff is entitled to reimbursement from the defendant.”
The court found for the plaintiff on its declaration.
There was no error in the finding of the court. The plaintiff was entitled to recover under the provisions of Regulation No. 15. On the date that the claim for reimbursement was filed, payment on the note had been in default for more than 60 days. The payments made had been applied by the plaintiff to the instalments on the note in the order that they became due. The plaintiff could apply these payments as it saw fit in the absence of instructions from the makers to apply the payments otherwise. Tudor Press, Inc. v. Universal Distributing Co., 292 Mass. 339; Henry Bill Publishing Co. v. Utley, 155 Mass. 366.
To apply these payments to the instalments in the order that they became due, was the natural and proper application. During the year following October 18, 1935 (the “date of earliest installment for which full payment had not been received”) the makers of the note made five payments of $9.44 each or a total of $47.20, which total was more than 10% of the unpaid balance of the note. The plaintiff, therefore, under the terms of Regulation 15 was not obliged to file its claim for reimbursement within one year and thirty days after October 18, 1935, but was required to file its claim within six months and thirty days after October 18, 1936. The original claim was filed December 15, 1936 and the amended claim February 1, 1937 or before the six-month and thirty-dáy period after October 18, 1936 had expired..
The defendant contends that the payments made after October 18, 1935, having been applied to instalments prior to and including the instalment due September 18, 1935, *161 cannot be used by the plaintiff as payments made after that date under the provisions of Regulation 15. This contention is not tenable. To support such contention requires an assumption contrary to the facts. There is nothing in the provisions of Regulation 15 requiring such an assumption. The provisions of the Regulation itself seem to contemplate that payments may be in arrears and only partially paid after a default may have occurred and provides for an extension of time after default before proof of claim must be made to entitle the assured to reimbursement.
The note contained the provision that “upon default continuing for fifteen days in the payment of any instalment when due . . . the whole amount of the note shall become due and payable forthwith; after any default, the Company may make any arrangement with any of the undersigned for the payment of this note without same being regarded as a waiver or alteration of any of the terms hereof”. The note was dated December 18, 1934. The first payment was due one month thereafter on January 18, 1935. The first payment made was on March 6, 1935, in the amount of $18.44. By the terms of the note it was in default on January 18, 1935 and this default continuing for fifteen days, the whole amount of the note automatically became “due and payable” and thereafter there was a continuing default not waived by the acceptance of later payments.
Assuming that there was a continuing default after January 18, 1935, which affected the plaintiff’s right to reimbursement under Regulation 15, the proof of claim is still within the provisions of that Regulation. From January 18, 1935 to January 18, 1936, seven payments of *162 $9.44 each were made, totalling $66.08; This amount is more than 10% of .the face of the note of $339.19. The plaintiff then had six months thereafter, or until July 18, 1936, to make claim for reimbursement. During this six months there were two payments of $9.44 each, or a total of $18.88 which is more than 5% of the balance of the note of $273.11 ($339.19 less $66.08) on January 18, 1936, the beginning of the six months period. Accordingly after July 18, 1936, the plaintiff had a further six months and thirty-day period for filing its claim which did not expire until February 18, 1937. The claim was filed prior to this date or on December 15, 1936.
The defendant further contends that this court has no jurisdiction to invalidate an administrative ruling by the defendant. We do not understand that the defendant questions the jurisdiction of this court over the defendant or of the subject matter of this proceeding. No such question was raised by the pleadings or appears to have been previously raised during the course of the proceedings. The National Housing Act, Title I in Section 1702 provides “The Administrator shall, in carrying out the provisions of this title, and titles II and III, be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal”. See Federal Housing Administration, Region No. 4 v. Burr, U. S. Sup. Court, Adv. Opinions, Oct. 1939, Page 427. On June 11, 1938, after service of the writ and before a hearing on the merits, the defendant removed this case to the District Court of the United States, District of Massachusetts, and after a hearing in that court, it appearing to that court that the removal of the case was not warranted, it was remanded to this court. The contention of the defendant is to the effect that this court has no jurisdiction *163 to invalidate the rulings of the defendant, or that the decisions of the defendant are not subject to judicial review. We know of no legal principle or decision to support such contention. If such - contention were sound any decision of the defendant would be final whether mistakenly or arbitrarily made, any party seeking redress against him would be left without legal remedy, and the provision of the National Housing Act allowing the administrator to be sued would be negatived.
Report dismissed.