JACOB F. WYCKOFF, Respondent, *v.* JAMES L. ANTHONY et al., Appellants.

Where securities are pledged to a banker or broker for the payment of a particular loan or debt, he has no lien upon the securities for a general balance or for the payment of other claims.

Defendants held a promissory note made by plaintiff, which was secured by the pledge of certain bonds. On the day when, by the terms of the note, it became due, plaintiff tendered the amount of the note with in-

terest up to that date. Both parties treated the note as then due, and defendants refused to accept, or to deliver up the bonds solely upon the ground that they were entitled to hold them as security for another claim. In an action for conversion of the bonds *held*, that defendants could not defend upon the ground that the note did not mature until the expiration of the days of grace, and so, that the tender was premature ; that the days of grace should be deemed as waived.

As to whether the tender would have been sufficient had defendants refused to accept on the ground that the note was not due, or that the tender did not include interest for the days of grace, *quære.*

Defendants objected that one G. was joint owner with plaintiff of the bonds, and was a necessary party plaintiff. It appeared that there was an agreement between plaintiff and G. that the latter should share in the profits and losses resulting from the purchase of the bonds. Plaintiff, however, furnished the means to make the purchase, and the evidence tended to show that it was also agreed that he should be sole owner of the bonds and have the exclusive right of possession. The jury found that G. was not part owner. *Held*, that the finding was justified ; and that the objection was untenable.

(Argued November 20, 1882 ; decided November 28, 1882.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made November 14, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought against defendants, who formerly composed the firm of Anthony & Oliphant, to recover the value of twenty railroad bonds of $1,000 each, alleged to have been converted by defendants. The bonds in question were pledged by plaintiff to said firm as collateral security for his note for $8,000, which, by its terms, was made payable February 14, 1880. On that day plaintiff tendered to one of said firm the amount of the note, with interest up to that date, and demanded the securities. This was refused unless plaintiff would pay in addition the amount of a claim made by said firm against plaintiff, to secure which it was not claimed that the bonds had been specifically pledged. Plaintiff refused to pay this claim. No other ground was stated by defendants for their refusal.

The further material facts appear in the opinion.

*D. M. Porter* for appellants. The note in question was negotiable. (*Hodges* v. *Shuler*, 22 N. Y. 114, 118 ; *Fancourt* v. *Thorne*, 9 Q. B. 312.) It was not due as to either the plaintiff, or the defendants, until the third day of grace, and the plaintiff could not require the defendants to receive their money and surrender the note until the latter day. (*Savings Bk.* v. *Bates*, 8 Conn. 505 ; Chitty on Bills, 422, n. 1.; *Abbe* v. *Goodwin*, 7 Conn. 377 ; *Mechs.' Bk.* v. *Merchs.' Bk.*, 6 Metc. 13 ; *Ogden* v. *Sanders*, 12 Wheat. 213 ; *Bk. of Washington* v. *Triplet*, 1 Pet. 25 ; *Perkins* v. *Franklin Bk.*, 21 Pick. [Mass.] 483 ; *Sleght* v. *Hartshorne*, 2 Johns. 531, 540, 541 ; 1 Daniel on Neg. Ins., §§ 613, 614, p. 488; *Brown* v. *Harraden*, 4 T. R. 148; *Griffin* v. *Goff*, 12 Johns. 423 ; *Walls* v. *Bailley*, 49 N. Y. 464, 471–2 ; *Woodruff* v. *Merch's Bk., etc.*, 25 Wend. 672 ; *S. C.*, 6 Hill, 174 ; *Central Bk.* v. *Allen*, 16 Me. 41; *Hogan* v. *Cuyler*, 8 Cow. 203 ; *Love* v. *Nelson*, M. & Y. 237; *Brown* v. *Wiley*, 20 How. [U. S.] 442 ; Edwards on Bills [2d ed.], 516, 548; *Elbersole* v. *Redding*, 22 Ind. 232 ; Daniel on Neg. Inst., *supra*, §§ 1233, 1234, p. 342 ; Thompson on Bills, 247 ; 3 Kent's Com. [9th ed.] 140 ; *Bk. of Washington* v. *Triplet*, 1 Pet. 25, 31 ; *Evertson* v. *Nat. Bk. of Newport*, 66 N. Y. 14 ; *Trask* v. *Martin*, 1 E. D. Smith, 505 ; *Ellis* v. *Craig*, 7 Johns. Ch. 7 ; *Goddard* v. *O'Brien*, 46 L. T. R. [N. S.] 306 ; *S. C.*, Am. L. Reg. for October, 1882 ; 26 Alb. L. J. 219 ; *Cont. Nat. Bk.* v. *Townsend*, 87 N. Y. 8 ; *Sibree* v. *Tripp*, 15 M. & W. 23 ; *Burbridge* v. *Manners*, 3 Camp. 193 ; 2 Parsons on Notes and Bills [2d ed.], 620.) Gilman made a conditional tender, and his act was within the rule which says he shall not make a protest against his liability. (*Wood* v. *Hitchcock*, 20 Wend. 47.) As the claim was not due, the plaintiff could not make a valid tender, consequently there cannot be any waiver or conversion, because the plaintiff could not change his position. (*Patnote* v. *Sanders*, 41 Vt. 66 ; *Ogden* v. *Sanders*, 12 Wheat. 213 ; *Savings Bk.* v. *Bates*, 8 Conn. 505 ; *Abbe* v. *Goodwin*, 7 id. 377 ; *Ellis* v. *Craig*, 7 Johns. Ch. 7 ; *Woodworth* v. *Morris*, 56 Barb. 97 ; *Boyden* v. *Moore*, 5 Mass. 365 ; *Wright*

v. *Behrens,* 39 N. Y. L. Repts. 413 ; *Butts* v. *Burnett,* 6 Abb. Pr. [N. S.] 302 ; *Saunders* v. *Frost,* 5 Pick. 259, 267 ; *Tillon* v. *Britton,* 4 Halst. 120, 127 ; *Mitchell* v. *Cook,* 29 Barb. 243, 252; Story on Bills, § 384; *Kendal* v. *Talbot,* 1 A. K. Marsh. [Ky.] 321.)  The amount tendered by Gilman on February 14, 1880, was not sufficient to the amount of $4.66, to-wit, by the amount of interest on the note for three days. (*Shotwell's Ex'rs* v. *Denman,* 1 N. J. L. 296 ; *King* v. *Finch,* 60 Ind. 420, 422; *Patnote* v. *Sanders,* 41 Vt. 66 ; *Wright* v. *Behrens,* 39 N. J. L. 413, 416 ; *Boyden* v. *Moore,* 5 Mass. 365, 369 ; 2 Parsons on Notes and Bills, 217; Baylies on Bills, 230 ; *Fitch* v. *Sutton,* 5 East, 230 ; *Bunge* v. *Koop,* 5 Robt. 1 ; *S. C.,* 48 N. Y. 225.)  The suit, being for conversion, will not lie, because the note was not due when the securities pledged therefor were demanded, and no conversion can be based on such demand. (*Butts* v. *Burnett,* 6 Abb. Pr. [N. S.] 302.)  The plaintiff cannot claim any estoppel ·by his inquiry of the defendants, because the note was not then due, and he could not change his position so as to make a good tender. ( *Van Ness* v. *Bush,* 14 Abb. Pr. [N. S.] 33 ; *Brown* v. *Wheeler,* 17 Conn. 345 ; *Rangley* v. *Spring,* 21 Me. 130 ; *Cummings* v. *Webster,* 43 id. 192; *Preston* v. *Mann,* 25 Conn. 118; *Heath* v. *Derry Bank,* 44 N. H. 174 ; *Manufacturers' Bank* v. *Hazard,* 30 N. Y. 226 ; *Giraud* v. *Giraud,* 58 How. Pr. 175, 180 ; *Wilcox* v. *Howell,* 44 N. Y. 398, 402 ; *Baker* v. *Union Mut. Trust Co.,* 43 id. 283; *Lewis* v. *San Antonio,* 7 Texas, 288 ; *Jewett* v. *Miller,* 10 N. Y. 402 ; *Malloney* v. *Horan,* 12 Abb. Pr. [N. S.] 289 ; *S. C.,* 49 N. Y. 111; *Shapley* v. *Abbott,* 42 id. 443 ; *Hutchins* v. *Hebbard,* 34 id. 24 ; *McAfferty* v. *Conover's Lessee,* 7 Ohio St. [N. S.] 99 ; *Tilghman* v. *West,* 8 Ired. Eq. [N. C.] 183 ; *Stule* v. *Putney,* 3 Shepley, 327 ; Herman on Estoppel, §§ 329, 331, 334; *Mackay* v. *Holland,* 4 Metc. 69, 75 ; *Hill* v. *Epley,* 31 Penn St. 331 ; *Hepburn* v. *McDowell,* 17 S. & R. 383 ; *Comm.* v. *Moltz,* 10 Penn. St. 527, 531 ; *Thrall* v. *Lathrop,* 30 Vt. 307, 310 ; *Strong* v. *Ellsworth,* 26 id. 366, 374 ; *Whitaker* v. *Williams,* 20 Conn. 98, 104, 106; *Wakefield* v. *Crossman,* 25 Vt. 298 ; *Nichols* v.

*Arnold,* 8 Pick. 172 ; *Hall* v. *Huse,* 10 Mass. 39 ; *Dyer* v. *Cady,* 20 Conn. 563 ; *Hackett* v. *Callender,* 32 Vt. 97 ; *Pierce* v. *Andrews,* 6 Cush. 4.) No party is estopped by an admission made in ignorance of his rights, induced by an innocent mistake of material facts. (*Thrall* v. *Lathrop,* 30 Vt. 307 ; *Pierrepont* v. *Barnard,* 5 Barb. 364 ; *Thomas* v. *Bowman,* 29 Ill. 426 ; *Cont'l Nat. Bk.* v. *Nat. Bk. of the Comm.,* 50 N. Y. 575.) The plaintiff was bound to see to it at his peril that he tendered enough. (*Boyden* v. *Moore,* 5 Mass. 365 ; *Wright* v. *Behrens,* 39 N. J. L. 413 ; *Dempsey* v. *Tylee,* 3 Duer, 73, 100 ; *Copeland* v. *Copeland,* 28 Me. 525 ; *Martin* v. *Angell,* 7 Barb. 407 ; *Otis* v. *Sill,* 8 id. 102 ; *Pierce* v. *Andrews,* 6 Cush. 4 ; *Hackett* v. *Callender,* 32 Vt. 97 ; *Howe Machine Co.* v. *Farrington,* 82 N. Y. 121, 128, 129 ; *Wakefield* v. *Crassman,* 25 Vt. 298 ; *Mackay* v. *Holland,* 4 Metc. 69, 75.) The tender was not made to the proper firm, nor the suit brought against the proper parties. (*Hill* v. *Covell,* 1 Comst. 522.) On the pledge of chattels the presumption is that the pledge may be held for the other debts of the pledgor. (Story on Eq. Jur., §§ 1034, 1035 ; 2 Kent's Com. 584; *Demainbray* v. *Metcalfe,* Prec. Ch. 417, 420 ; *S. C.,* 2 Vern. 691, 698 ; *Adams* v. *Claxton,* 6 Ves. 226, 229 ; *Anon.,* 2 Vern. 177 ; *Jarvis* v. *Rogers,* 15 Mass. 389 ; *Gilliot* v. *Lynch,* 2 . Leigh, 493 ; 2 Kent's Com. 577 ; *Vanderzee* v. *Willks,* 3 Bro. Ch. 21.) Gilman was a partner with the plaintiff in the transactions, and as a consequence is a necessary party plaintiff. (*Leggett* v. *Hyde,* 58 N. Y. 272 ; *Manhattan Brass Manuf. Co.* v. *Sears,* 45 id. 797 ; *Berthold* v. *Goldsmith,* 24 How. [U. S.] 536, 542, 543 ; *Ontario Bk.* v. *Hennessy,* 48 N. Y. 545 ; *Bond* v. *Pittard,* 3 M. & W. 357 ; *Haas* v. *Root,* 16 Hun, 526 ; *Pott* v. *Eaton,* 3 Man. Gr. & S. 32 ; id. 641 ; *S. C.,* 54 C. L. R. 31 ; *Grace* v. *Smith,* 2 W. Black. 998 ; *Waugh* v. *Carver,* 2 H. Black. 235, 247 ; *S. C.,* 1 Smith's Lead. Cases, 1289 ; Coe on Part. [4th Am. ed.] 5 ; Story on Part. [Gray's ed.], §§ 2, 68, 36, n. 3 ; *Walden* v. *Sherburne,* 15 Johns. 409 ; *Dobb* v. *Halsey,* 16 Johns. 34 ; *Everett* v. *Coe,* 5 Denio, 180 ; *Winship* v. *Bk. of U. S.,* 5 Pet. 529 ; *Everett* v. *Chapman,* 6

Conn. 347; *Champion* v. *Bostwick,* 18 Wend. 175; Lindley on Part., § 17; *Fowler* v. *At. Mut. Ins. Co.,* 8 Bosw. 332; *Peltier* v. *Sewall,* 3 Wend. 269.) The court erred in overruling the defendants' objection, and allowing plaintiff to state the amount due on each bond, and the amount of interest up to the date of trial, because it was the market value of the security on the day of the alleged conversion which formed the basis of damage. (*Tyng* v. *Commercial Warehouse Co.,* 58 N. Y. 308; *Baker* v. *Drake,* 53 id. 211; *Ormsby* v. *Vt. Copper . Mining Co.,* 56 id. 623; *Neiler* v. *Kelley,* 69 Penn. St. 403; *Andrews* v. *Bond,* 16 Barb. 633, 642.)

*Ira Leo Bamberger* for respondent. As the pledge is specific, defendants cannot retain the bonds pledged for this particular loan, for the further purpose of securing other debts or demands against the pledgor. (2 Pars. on Cont. 120; *Robinson* v. *Frost,* 14 Barb. 536; *Jarvis* v. *Rogers,* 15 Mass. 389; *Rushford* v. *Hadfield,* 7 East, 224; *Lane* v. *Bailey,* 47 Barb. 395; *Grant* v. *Taylor,* 3 J. & S. 338.) The right to the possession at the time of the conversion of the property converted is all that is essential to give a right of action. (Abb. Trial Ev. 623, 688; *Van Bokkelin* v. *Ingersol,* 5 Wend. 315; *Baker* v. *Hoag,* 7 N. Y. 555; *Faulkner* v. *Brown,* 13 Wend. 63; *Hendricks* v. *Decker,* 35 Barb. 298; *Bowen* v. *Fenner,* 48 id. 383; *Haddon* v. *Williams,* 1 Rob. 340; *Fitzburgh* v. *Wyman,* 9 N. Y. 559; *Johnson* v. *Carnley,* 10 id. 570.) A bailee is not permitted to dispute the title of the bailor, or principal, from whom he received the property, except by showing that the bailor has parted with his interest in the property subsequently to the bailment. (Abb. Trial Ev. 554; *Vasburgh* v. *Huntington,* 15 Abb. Pr. 254; *Marvin* v. *Ellwood,* 11 Paige, 365; *Gosling* v. *Birnie,* 7 Bing. 339; *Nudd* v. *Montayne,* 38 Wis. 511; *Marvin* v. *Smith,* 56 Barb. 600.) This paper is not a negotiable promissory note, because it is not payable absolutely and at all events. (*Seacord* v. *Burling,* 5 Denio, 444; *Sackett* v. *Palmer,* 24 Barb. 179; *Worden* v. *Dodge,* 5 Denio, 159.) Defendants' counsel, by his request to leave the disputed

questions of fact to the jury, waived his right to move to dismiss the complaint. (*Koehler* v. *Adler*, 78 N. Y. 289 ; *O'Neill* v. *James*, 43 id. 84.)

ANDREWS, Ch. J.    The only matter of difference between the parties at the interview on February 14, 1880, when the tender was made, related to the claim of the defendants to retain the bonds as security for the debt arising out of the stock transaction of January 16, 1880.    This claim was untenable. The bonds were pledged specifically for the payment of the note of December 22, 1879, and the defendants acquired no right to retain them as security for a distinct and independent debt, in the absence of an agreement between the parties. When securities are pledged to a banker or broker for the payment of a particular loan or debt he has no lien upon such securities for a general balance, or for the payment of other claims.    (*In re Medewe's Trust*, 26 Bea. 588 ; *Vanderzee* v. *Willis*, 3 Bro. Ch. 21 ; *Jarvis* v. *Rogers*, 15 Mass. 389 ; *Lane* v. *Bailey*, 47 Barb. 395.)

The principal question in the case relates to the sufficiency of the tender of February 14, 1880, in respect to the note of December 22, 1879.    The sum tendered was the amount of the principal of the note, and interest to the day of the tender. The note by its express terms was payable on that day.    The defendants claim that the note was not then due, and that it did not mature until the expiration of the days of grace, and that the tender was therefore premature.

There is no doubt of the general principle that the tender of a debt before it is due is ineffectual.    The debtor cannot be compelled to pay the debt before maturity, and the creditor is not bound to accept payment before that time.    But the circumstances in this case are peculiar.    Both parties, in respect to the tender, treated the debt as due when the tender was made, and the refusal to accept it was put by the defendants solely upon the ground that they were entitled to hold the bonds as security for the loss in the transaction of January 16, 1880.

It is unnecessary in this case to decide what the rights of the parties would have been if the defendants had refused to accept the sum tendered on the ground that the note was not due, or that the tender did not include interest on the note for the days of grace. But in view of the fact that days of grace were originally an indulgence accorded by commercial usage for the benefit of the debtor — although they have come to be regarded as part of the contract itself — we are of opinion that if the parties to a bill or note treat it as due on the day when by its terms it is payable, and a transaction at that time takes place between them, based on this assumption, and the rights of third persons have not intervened, the days of grace will be deemed waived, and the same legal consequences will follow as though the transaction took place on the day of the legal maturity of the paper. In this case the jury specially found that at the time of the tender, the defendants informed the plaintiff that the interest due was $82.44, and the tender included this amount for interest, and a few cents in addition. We do not sustain the sufficiency of the tender on the ground of estoppel, but on the broader ground that both parties assented to consider the note as then due, and that this as between them, effectually waived the days of grace. There is no foundation for the objection that the tender was made to Anthony, Poor & Oliphant, and not to Anthony and Oliphant, the payees of the note. The firm of Anthony, Poor & Oliphant owned the note when the tender was made, and besides the tender was in fact made to one of the original payees. The objection that Gilman was a joint owner with the plaintiff, of the bonds, and was a necessary party plaintiff, was taken in the answer and upon the trial. The jury expressly found that Gilman was not a part owner of the bonds, or of the cause of action. The claim that he was such joint owner is based upon proof of an agreement between the plaintiff and Gilman, that the latter should be interested in the profits and losses resulting from the purchase of the bonds. But the proof also justified the finding that by the same agreement, Wyckoff, who furnished the means to purchase the bonds, was to be the sole owner of the

securities, and to have the exclusive right of possession, and that Gilman was acting simply as his agent. This excludes any inference that they were, *inter se,* joint owners of the bonds, and the defendants have no equity to place them in any other relation to each other than that which they themselves assumed.

There are several exceptions not here noticed but they present no serious question. We think there is no error disclosed by the record, and the judgment should therefore be affirmed.

All concur, except Tracy, J., absent.

Judgment affirmed.