WILLIAM W. ARMSTRONG, as Receiver, etc., of GEORGE S. RILEY, Appellant, *v.* HECTOR MCLEAN, Impleaded with GEORGE S. RILEY, Respondent.

1. DEBTOR AND CREDITOR — APPLICATION OF PROCEEDS OF JUDICIAL SALE ON GENERAL INDEBTEDNESS — SECURITIES PLEDGED FOR SPECIFIC DEBT — RIGHT OF RECEIVER IN SUPPLEMENTARY PROCEEDINGS FOR OTHER CREDITORS TO BALANCE OF SECURITIES. If a creditor holding personal property assigned to him by the debtor as collateral security for a specific debt and not for his general indebtedness, forecloses a real estate mortgage executed by the debtor to secure all his debts to such creditor, and obtains a sale and judgment for deficiency, the proceeds of the foreclosure sale must, in the absence of directions in the mortgage, be applied *pro rata* upon all the debts between the parties; and if, after such *pro rata* application, there is a deficiency, and the creditor satisfies the specific debt out of the personal property specifically assigned as collateral security therefor, he is not entitled to retain the balance of such personal property for application upon his other debts, as against a receiver appointed, prior to the deficiency judgment, in proceedings supplementary to executions upon judgments in favor of other creditors of the common debtor. This is especially so when the secured creditor has issued no execution upon his deficiency judgment, or taken any steps to enforce it against the debtor's personal property held by him.

2. ACTION IN EQUITY. A receiver appointed in proceedings supplementary to execution can maintain an action in equity to compel a person to account as to funds and securities to which the receiver has acquired title, and to pay and deliver them to him.

*Armstrong* v. *McLean,* 92 Hun, 397, reversed.

(Argued June 18, 1897; decided October 5, 1897.)

APPEAL from an order of the General Term of the Supreme Court in the fifth judicial department, entered May 29, 1896, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John E. Durand* for appellant. The trial court correctly applied upon the debt of $3,636.41 a *pro rata* part of the

money realized from the foreclosure sales upon the four mort-
gages given by Riley to McLean as collateral security for the
said debt, in connection with other debts owing by Riley to
McLean. (*O. C. N. Bank* v. *Moore*, 112 N. Y. 543.) The
General Term erred in holding that the plaintiff was not enti-
tled to the entire surplus of the three choses in action taken
by McLean from Riley as collateral security for the debt of
$3,636.41 and interest, after said debt was fully paid ; and in
further holding that McLean, as a judgment creditor of Riley,
was entitled to share beneficially in that surplus, and that such
surplus should be divided *pro rata* upon McLean's deficiency
judgment, and upon the five judgments against Riley repre-
sented by the plaintiff as receiver, and upon these grounds
reversing the judgment of the trial court. (Code Civ. Pro.
§§ 2468, 2469 ; *Smith* v. *Gage*, 41 Barb. 60 ; *Lewis* v. *Smith*,
5 Seld. 502 ; *Leitch* v. *Hollister*, 4 N. Y. 211 ; *Smith* v. *Beat-
tie*, 31 N. Y. 542 ; *McDermott* v. *Strong*, 4 Johns. Ch. 687.)

*Cassius C. Davy* for respondent. The appellant's whole
case rests upon the unwarranted assumption that the collaterals
were assigned to secure a specific indebtedness of $3,636.41,
whereas it was clearly the intention of the parties that they
should be held as security for the general indebtedness of
Riley to McLean. The rule of law is well settled that such
an intention will be respected and enforced. (*M. & T. Bank*
v. *Livingston*, 6 Misc. Rep. 81 ; *Moors* v. *Washburn*, 147
Mass. 344 ; *Eichelberger* v. *Murdock*, 10 Md. 373.) The
plaintiff had an adequate remedy at law. (*Town of Mentz* v.
*Cook*, 108 N. Y. 508 ; 1 Pom. Eq. Juris. § 178.) An appeal
to the Court of Appeals from an order granting a new trial is
only maintainable when the sole question relates to and will
determine the merits, and cannot be obviated upon a second
trial, and the appellant takes the risk, not only of the ques-
tions considered by the court below, but of every other legal
question and exception appearing upon the record. (*Roberts*
v. *Baumgarten*, 126 N. Y. 341 ; *Mackay* v. *Lewis*, 73 N. Y.
382 ; *Cobb* v. *Hatfield*, 46 N. Y. 533.)

Martin, J.  This action was brought by the plaintiff as receiver of the property of George S. Riley.  Its purpose was to compel Hector McLean, the respondent, to surrender to the plaintiff certain choses in action which were in his possession, and also to account for and pay over to him all the money exceeding the sum of $3,636.41 which he had received upon certain other contracts assigned to him by Riley.

Prior to the eighth day of November, 1893, the plaintiff was duly appointed receiver of the property, equitable interests and things in action of the defendant George S. Riley, in proceedings supplementary to execution, which were based upon a judgment for $2,954.99.  On that day he duly qualified and entered upon his duties as such receiver.  On the eleventh day of November, 1893, the plaintiff's receivership was duly extended to include another judgment for the sum of $556.90.  On the nineteenth day of June, 1894, the plaintiff's receivership was again extended so as to include three other judgments, which amounted to $1,109.79.

For a number of years before 1884, there had been many business transactions between the respondent and Riley, in which the latter borrowed money of the former and gave his promissory notes therefor.  On the twenty-eighth day of March, 1884, Riley gave the respondent a mortgage upon property situated in the city of Rochester, to secure any and all of his present and future indebtedness to him, to be held as a collateral and continuing security therefor.

On the nineteenth of February, 1890, by an instrument in writing, and as collateral security for the payment of eight thousand dollars, Riley assigned to the respondent a bond and mortgage against Morris and Dudley for $2,600, a bond and mortgage against R. C. Dudley for $1,100, a bond and mortgage against Wiegand for $2,000, a land contract to Hirschfield upon which there was due Riley $3,000, and a land contract with Roseboom upon which there was unpaid $3,300.  On the same day Riley indorsed upon the assignment the following agreement: "I hereby agree with Hector McLean to reassign to him two of the bonds and mortgages

this day assigned to him, when the $8,000 for which they are now assigned to him are paid to him as collateral security for the sum of $2,433.54." On the sixth day of June, 1890, an additional agreement was indorsed upon the assignment as follows : " Received of H. McLean, Dudley and Morris mortgage $2,600, and R. C. Dudley mortgage $1,100, being the same two named in the within assignment, and said McLean is to hold the others as collateral security for the payment of $3,636.41 (thirty-six hundred thirty-six and 41-100 dollars), with interest from and after the 29th day of May, 1890. * * * George S. Riley. The above is to be paid within thirty days from this date, June 6, 1890."

On the nineteenth of January, 1891, Riley executed and delivered to the respondent another mortgage to secure the payment of $11,700, then due from Riley, and also as collateral security for the payment of any and all promissory notes theretofore given and for all indebtedness theretofore existing or thereafter to exist. On the seventh of the following October Riley gave him still another bond and mortgage to secure the payment of the sum of $3,000 then due and as collateral security for the payment of all indebtedness then or thereafter existing in favor of the respondent. On the thirteenth of January, 1892, to secure the payment of $10,000, Riley gave the respondent a fourth bond and mortgage, which was a second mortgage upon the property described therein, the Rochester Savings Bank having a prior mortgage thereon to secure the payment of $23,000.

On the seventeenth of May, 1893, the indebtedness of Riley to the respondent, including the thirty-six hundred dollar debt already mentioned, amounted to over $40,000. On that day the respondent commenced an action to foreclose the four mortgages given to him by Riley. On the twelfth of October the Rochester Savings Bank also commenced an action to foreclose its mortgage. A sale under the foreclosure of the bank mortgage was had on the third of November, 1893, and the respondent purchased the mortgaged property for a sum which exceeded the amount due on the bank's mort-

gage, with taxes and costs, by the sum of $10,084.93, which, after deducting the costs, treasurer's fees and commissions, was paid over to the respondent to be applied on his mortgages.

In the action commenced by the respondent it was adjudged that he was entitled to a judgment of foreclosure and a sale of all the property included in his mortgages, except the premises covered by the bank's mortgage, which had already been sold thereon. A sale was subsequently had in pursuance of the respondent's judgment, when all the mortgaged property remaining unsold was purchased by him for $11,100, and he was awarded a judgment for deficiency for $21,520.20, which was entered December 29, 1893. On the twentieth of January, 1894, the respondent received on the Roseboom contract $3,975 in full settlement of the amount due thereon, and between February thirteenth and November nineteenth of the same year he received upon the Wiegand mortgage the sum of $98.33. The respondent realized from the foreclosure of these mortgages about forty-seven and one-half per cent of Riley's indebtedness to him. Applying to the thirty-six hundred dollar debt its *pro rata* share of the amount thus received, it was reduced to $2,012.02, and when that sum was deducted from the amount received upon the Roseboom and Wiegand contracts, there still remained in the respondent's hands $2,209.52 of the money so received.

Before the commencement of this action the plaintiff demanded of the respondent that he surrender and turn over to him as receiver the Wiegand bond and mortgage for $2,000, the Hirschfield land contract, and the surplus of the amount received by him on the Roseboom contract after deducting the amount due on the thirty-six hundred dollar debt. With this demand the respondent refused to comply. All the foregoing facts were found by the court and are fully sustained by the undisputed evidence.

The Special Term held that the plaintiff, as such receiver, was entitled to a judgment requiring the respondent to transfer and assign to him the Wiegand bond and mortgage, the

Hirschfield land contract, and that he pay him the $2,209.52 remaining in his hands after the payment of the thirty-six hundred dollar debt, and judgment was entered accordingly. Upon an appeal to the General Term that judgment was reversed, the court in effect holding that by reason of his judgment for deficiency, the respondent was entitled to share in the proceeds of the securities held by him; that, being a judgment creditor, he occupied the same relation to them as though a receiver had been appointed under his judgment, and that the securities and moneys in his hands should be applied *pro rata* upon the judgments upon which the plaintiff's claims were founded and the respondent's judgment for deficiency so far as it remained unpaid.

The trial court correctly held that the money realized from the foreclosure of the four mortgages given by Riley to the respondent as collateral security for all his debts should be applied thereon *pro rata*, including the thirty-six hundred dollar debt. The money thus received was from a judicial sale, and, hence, the rule as to application of payments where the payment is voluntary, does not apply. (*Orleans County Nat. Bank* v. *Moore*, 112 N. Y. 543.) In the case cited it was held that the rule giving a creditor, holding several obligations or claims against his debtor, the right to apply the payment made to him by the creditor, in the absence of any application by him, is confined to voluntary payments; that the proceeds of a sale under a judgment for the foreclosure of a mortgage given by the debtor to secure various debts, are paid over to the creditor, not as a voluntary payment, but by operation of law; that, in the absence of directions given in the security, their application is to be made by the court in accordance with equitable principles, and that the rule in equity is, that where the proceeds are insufficient to satisfy all of the debts secured, they should be applied *pro rata*, each debt sharing in the fund without regard to priority of date, or to the fact that for some of the debts the creditor holds other securities. Indeed, the correctness of that principle is not denied.

The respondent, however, claims that the assignment of February 19, 1890, and the subsequent agreements indorsed thereon, did not amount to a contract that the collaterals assigned were to be held as security for the thirty-six hundred dollar debt only, but insists that it was the intention of the parties that the collaterals assigned should also be held for any general indebtedness of Riley. Practically, upon this contention alone rests the whole controversy between the parties, and the difference of opinion which existed between the Special and General Terms. Thus, whether the securities so transferred were assigned to the respondent as collateral security for the general indebtedness of Riley, or whether they were pledged for the thirty-six hundred dollar debt alone, is the controlling question in this case.

The appellant contends that these securities were pledged only to secure the thirty-six hundred dollar debt, while the respondent insists they were assigned as collateral to any indebtedness which might exist between the parties to that assignment. The learned trial judge found as a fact that the Hirschfield, Wiegand and Roseboom contracts were assigned to the respondent as collateral security for the thirty-six hundred dollar debt alone. The evidence in the record shows that finding to have been fully justified. A part of the proceedings had in the action instituted by the respondent for the foreclosure of his four mortgages was introduced in evidence. In the complaint which was verified by him, it was alleged that those obligations were assigned as collateral for the thirty-six hundred dollar debt. It was also proved that upon the trial of that action the respondent testified that they were assigned to him as collateral for that indebtedness; that that debt was a separate matter secured by those contracts and the Wiegand bond and mortgage, and that they had no connection whatever with the other collaterals held by him.

Again, the assignment, reassignment and receipt or agreement pledging these securities to the respondent show clearly that they were held by him as collateral for the thirty-six hundred dollar debt only. The contention of the respondent

that such was not the intention of the parties cannot be sustained, in view of the evidence given upon the trial. It was at least a question of fact, the decision of which could not properly be disturbed by the General Term. Therefore, in the further discussion of this case, it must be assumed that the land contracts and the Wiegand bond and mortgage were transferred as collateral security for the thirty-six hundred dollar debt, and had no relation to the other debts held by the respondent.

In considering the rights of the parties to the property in question, it must be remembered that the plaintiff was appointed receiver, and duly qualified as such November 9, 1893, and thus acquired title to the personal property, choses in action and interests in equity belonging to Riley, before the respondent's deficiency judgment was recovered.

It is manifest that the respondent acquired no lien upon the funds or securities in his hands under or by virtue of that judgment. They consisted entirely of personal property, and, consequently, his judgment was not a lien thereon. (*Smith v. Gage,* 41 Barb. 60, 66; *Lewis v. Smith,* 9 N. Y. 502, 510.) He instituted no proceeding or suit in the nature of a creditor's action in aid of his judgment, or to enforce it, and, hence, had only the rights of an ordinary judgment creditor upon whose judgment no execution had been issued. When the respondent's debt was paid, all his right to the securities pledged as collateral for its payment was extinguished. (*Wyckoff v. Anthony,* 90 N. Y. 442; *Cass v. Higenbotam,* 100 N. Y. 248, 252.)

After the appointment of the plaintiff as receiver, the filing of the order appointing him, and upon his qualifying as such the judgment debtor's property vested in him as from the time when the order appointing him or extending his receivership was filed, and his title extended back by relation, for the benefit of judgment creditors in whose behalf the proceedings were instituted, so as to include the personal property of the debtor, at the time of the service of the orders by which such proceedings were commenced. (Code of Civil Procedure,

§§ 2468, 2469; *McCorkle* v. *Herrman*, 117 N. Y. 297.) Thus the plaintiff, as such receiver, acquired title to these securities subject only to the lien which the respondent had thereon for the security of his thirty-six hundred dollar debt, and when that debt was paid, the title rested in the plaintiff discharged from such lien. (*Leitch* v. *Hollister*, 4 N. Y. 211; *Smith* v. *Beattie*, 31 N. Y. 542.) The fact that the respondent held other debts against Riley did not entitle him to retain those securities, as they were not pledged for any other debt. Where personal property is specifically assigned as collateral, or pledged for a particular debt or loan, in the absence of a special agreement to that effect, it cannot be held by the assignee or pledgee for any other debt or advance. (*Duncan* v. *Brennan*, 83 N. Y. 487; *C. N. Bank* v. *Bell*, 125 N. Y. 38.) Therefore, it is obvious that the General Term erred in holding that the plaintiff was not entitled to recover the money and securities remaining in the respondent's hands after the payment of the thirty-six hundred dollar debt, and in reversing the judgment upon that ground.

The respondent's contention, that the plaintiff had an adequate remedy at law, and hence could not maintain this action, is untenable. The action was to compel him to transfer to the receiver funds and securities to which the latter had acquired the title through proceedings in the nature of a creditor's bill. In such a case an action in equity may be maintained for an accounting as to the funds and securities in his possession, and for a decree compelling him to pay and deliver them to the receiver. (*Farwell* v. *Importers' Bank*, 90 N. Y. 483, 491.)

On the trial the respondent was called as a witness, and after testifying that he attended the sale in his action, he stated that the property was struck off to him for $11,100; that he never got any money out of it, and that he knew there were taxes upon the property. He was then asked the amount of the taxes, which was objected to as inadmissible, and the objection was sustained. To this ruling the respondent excepted, and now contends that his exception was well

taken. If we are correct in our conclusion, that the securities sought to be recovered by the plaintiff were not assigned for debts other than that for $3,636.41, the amount of taxes was entirely immaterial. Certainly it could have no bearing upon the question litigated between the parties, and hence was properly rejected.

We think there were no errors committed on the trial that justified a reversal of the judgment of the Special Term, and hence that the order of the General Term should be reversed and the judgment entered upon the decision of the Special Term affirmed, with costs.

All concur, except GRAY, J., absent.

Order reversed and judgment accordingly.