### In re FLYNN.

(Supreme Court, Appellate Division, Second Department.  May 16, 1913.)

EXECUTION (§ 414*)—SUPPLEMENTARY PROCEEDINGS—PROPERTY IN POSSESSION OF THIRD PERSONS—JURISDICTION OF COURT.

Under Code Civ. Proc. § 2447, authorizing an order for the delivery of personalty of the judgment debtor to his receiver when his right to possession is not substantially disputed, where the judgment debtor had loaned personalty to a third person with authority to pledge it for his individual indebtedness, and the third person pledged it with property of his own to one who was also a general creditor of the judgment debtor, the court, on payment or tender of the indebtedness due from the third person, could order the pledgee to deliver the property to the receiver of the judgment debtor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1193; Dec. Dig. § 414.*]

Appeal from Special Term, Kings County.

Supplementary proceedings by Margaret Olivia Sage and others, as executors of Russell Sage, judgment creditors, for the examination of Patrick H. Flynn, judgment debtor.  From an order of the Special Term (140 N. Y. Supp. 799), vacating an order requiring third persons to turn over securities to Leander B. Faber, receiver of the judgment debtor, he appeals.  Reversed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Charles L. Craig, of New York City, for appellant.

Edward J. Connelly, of Brooklyn, for respondent Hamilton Trust Co.

CARR, J.  The respondent the Hamilton Trust Company holds certain personal property in the form of certificates of stock and bonds which were deposited with it as collateral security by one Greene to secure certain loans made to him, evidenced by a series of demand notes.  The appellant is the receiver of a judgment debtor, Flynn, appointed in supplementary proceedings.  On the examination in said supplementary proceedings it appeared that Flynn had loaned to Greene a number of said securities, with authority to Greene to pledge them for his individual indebtedness.  In addition to the securities loaned by Flynn, Greene deposited some certificates of stock owned by himself; but all of said securities were pledged as collateral security for the series of notes, aggregating in amount the sum of $46,000, with interest.  The receiver of Flynn thereupon obtained an order under section 2447 of the Code of Civil Procedure, upon notice to Greene, the Hamilton Trust Company, Flynn, and others, directing the Hamilton Trust Company to deliver over to Flynn's receiver the notes of Greene and the securities pledged therefor, on payment to it by the receiver of the full amount of Greene's indebtedness, against which the securities had been pledged by Greene.  Shortly thereafter the Hamilton Trust Company applied at Special Term for an order vacating the former order, and the motion accordingly was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

granted; and from the order of the Special Term granting said motion this appeal was taken by Flynn's receiver.

The theory of the appellant is that Flynn, to the extent of the securities which he had loaned to Greene, had become Greene's surety, and that, upon tendering to Greene's creditor the full amount of Greene's indebtedness, he was entitled, by the principles of subrogation, to a transfer, from said creditor, of Greene's notes and the property pledged by Greene as security therefor. Flynn's receiver stood in his shoes and was entitled to all his rights, and the original order was made on that theory according to well settled rules of law. The Hamilton Trust Company, however, claimed a right to retain said property as against Flynn and his receiver by virtue of certain claims which it holds against Flynn himself. The learned court at Special Term was of opinion that it had not power to determine the claim of the Hamilton Trust Company under section 2447 of the Code of Civil Procedure, and thereupon made an order vacating the former order of delivery to the receiver, thus relegating the receiver to an action to assert his claim to the property in question. Section 2447, as aforesaid, authorizes an order for the delivery of personal property of the judgment debtor to his receiver only when his right to the possession thereof "is not substantially disputed." If there be a "real controversy" as to the judgment debtor's right to possession, then an order under said section is without authority and should be vacated. Kenney v. South Shore Natural Gas & F. Co., 201 N. Y. 89, 94 N. E. 606.

At the same time, the simple fact that the judgment debtor's right to possession is disputed does not deprive a judge of power under the section aforesaid. The dispute must be apparently substantial. If it be based upon controverted facts, then a judge has no power to determine the facts on such an application, but should remit the receiver to his action. If, however, the dispute arises on conceded facts, and is confined to questions of law which have been well settled, can the third party, by disputing the existence of well-established legal rules, create a substantial dispute which will deprive the judge of power to make an order under said section? I think not. The determining fact is, not the existence of a mere dispute, but the apparent substantiality of the dispute. It appears from the record that the Trust Company claims a right to hold this property, after the payment of Greene's indebtedness to it, by virtue of certain claims that it has against Flynn as a creditor. So far, both appellant and respondent rest upon the mutual claim that the judgment debtor owns all of the securities in question save those owned by Greene, the original pledgor. But the claims of the Trust Company against Flynn were not secured by a deposit of these securities by way of pledge for such indebtedness. Unless the Trust Company has a lien on the pledged securities as against Flynn, it must surrender them up to him on payment of the indebtedness for which they were pledged specifically. Unquestionably, if Greene, the pledgor, tendered the amount of his indebtedness and demanded the pledged securities, the Trust Company would be obliged to comply with such demand at the risk of liability for a conversion. The fact that some of the securities belong to Greene does not change

the situation, for all of the securities were pledged by Greene to secure the entire indebtedness, and on his repayment of his indebtedness as transferred to his surety, by subrogation, he may redeem his own property.

We are brought, therefore, to a consideration of the apparent nature of the Trust Company's claim against Flynn, to ascertain whether there is any apparent substance, upon the conceded facts, for its claim of a lien on this property as against Flynn. It is a judgment creditor of Flynn; but no execution was issued on the judgment prior to the appointment of Flynn's receiver, and hence no lien was acquired by it under its judgment on the personal property in question which is superior to the title of the receiver. It has other claims against Flynn, resting upon notes made to it by Flynn or notes of others held by it and indorsed by Flynn. But it appears without dispute that these notes do not contain any provision which creates a lien upon any securities of Flynn which were then in its possession, or that might thereafter come into its possession, so that as to such notes it is merely a general creditor of Flynn. It claims, likewise, upon a certain guaranty agreement of Flynn; but this agreement contains no provision as to any lien in favor of the Trust Company, and under it the Trust Company is merely a general creditor of Flynn. The situation thus disclosed is exactly the same in its important aspects as that passed upon by the Court of Appeals in Armstrong v. McLean, 153 N. Y. 490, 47 N. E. 912, where the rule of law applicable to this situation is set forth, after a review of preceding authorities, and decided against the contention here advanced by the respondent on the question of its right to a lien on the personal property in question.

In the case at bar there is a dispute between the appellant and the respondent; but on the conceded facts the respondent's claim has no legal basis, hence the dispute is not substantial, and there is no "real controversy" in a legal sense.

I recommend that the order appealed from be reversed, with $10 costs and disbursements, and that the motion be denied, with $10 costs. All concur, except HIRSCHBERG, J., not voting.