(158 App. Div. 149.)

## GREENE v. FABER.

(Supreme Court, Appellate Division, Second Department. July 25, 1913.)

1. APPEAL AND ERROR (§ 954*)—REVIEW—QUESTIONS OF FACT.

On appeal from an order granting a temporary injunction, where there is a substantial dispute as to the facts, the Special Term's discretion will not be disturbed; but where, accepting plaintiff's version of the facts, he is not entitled to the relief sought, the order will be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*]

2. PLEDGES (§ 56*)—ENFORCEMENT—SALE OF PROPERTY.

Plaintiff pledged certain stock of the K. Co. as collateral security for the payment of a note, under an agreement that the pledgee might sell

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the stock upon default in the payment of the note. He had previously pledged, as security for other notes, other stock claimed to have been delivered to him for such purpose by F. In supplementary proceedings against F., the pledgee was ordered to transfer the notes and stock to the receiver of F., upon payment of the amount due, which was done. *Held*, that the receiver could not be enjoined from selling the K. Co. stock upon plaintiff's default in the payment of his note, whether or not the order in the supplementary proceedings was based upon the false representation and pretense that F. was the owner of all the stock, except the K. Co. stock, and whether or not F. was the owner of such other stock; the receiver not deriving his title from the order, but from the assignment by the pledgee, and the ownership of the other stock being immaterial.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 152–183; Dec. Dig. § 56.*]

3. PLEDGES (§ 56*)—ENFORCEMENT—SALE OF PROPERTY.
The assignee of a pledgee of stock and bonds, delivered by the owner to the pledgor for the express purpose of so pledging them, could sell them in accordance with the terms of the hypothecation contract; there having been no diversion or improper use thereof.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 152–183; Dec. Dig. § 50.*]

4. PLEDGES (§ 56*)—ENFORCEMENT—SALE OF PROPERTY.
Where stock was pledged as collateral security under an agreement that, upon default by the pledgor, the pledgee might sell it at broker's board, or at private or public sale, at its option, without advertisement or notice, which were expressly waived, the pledgee could not be enjoined from so selling the stock, on the ground that it was not a favorable time for selling it, since the court could not alter the contract.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 152–183; Dec. Dig. § 56.*]

Appeal from Special Term, Kings County.

Action by Everett Greene against Leander B. Faber, individually and as receiver, etc., of Patrick H. Flynn. From an order granting a temporary injunction, defendant appeals. Reversed, and motion for injunction denied.

Argued before BURR, THOMAS, CARR, RICH, and PUTNAM, JJ.

Charles L. Craig, of New York City, for appellant.
Robert H. Elder, of New York City, for respondent.

BURR, J. [1] If there was substantial dispute as to the material facts upon which this controversy depends, following the usual policy of this court, we should decline, upon an appeal from an order granting an injunction during the pendency of an action, to review the discretion exercised by the Special Term. But in this case, even if we accept plaintiff's version of the facts, so far as there is dispute respecting the same, it seems clear that he is not entitled to the relief sought, and that the order appealed from should be reversed.

[2] On December 27, 1911, plaintiff borrowed from the Hamilton Trust Company the sum of $20,500, and executed and delivered to it his promissory note for that amount, payable on demand. As collateral security for the payment thereof, he pledged to said company 393

shares of stock of the Kings County Lighting Company, belonging to him. The stock note contained the usual provision that the pledgee, upon failure of the maker of the note to pay the same according to the terms thereof, might sell, assign, and deliver said security, or any part thereof, or any substitute therefor, or any additions thereto, or any other securities or property given unto or left in possession of said pledgee, at any broker's board, or at private or public sale, at the option of said pledgee, without either advertisement or notice, which was expressly waived. On previous occasions plaintiff had borrowed other sums of money from said trust company, for which he had executed seven other promissory notes, and as security for the payment thereof had hypothecated other stocks and bonds then in his possession, which had been delivered to him for such purpose. The stock notes by which such securities were pledged contained like provisions. The entire amount of plaintiff's indebtedness to the trust company aggregated $46,000.

On February 11, 1913, in a proceeding then pending in the Supreme Court, entitled "In the Matter of the Supplementary Proceedings of Patrick H. Flynn," to which proceeding plaintiff became a party, Mr. Justice Jaycox made an order to the effect that upon certain conditions, and upon tender by defendant to said trust company of the principal and interest due upon the said eight promissory notes of plaintiff, it should deliver and assign to him the said notes, together with all the securities and property held in pledge for the payment thereof, including the 393 shares of stock of the Kings County Lighting Company and the certificates therefor. On March 7, 1913, an order was made at a Special Term of this court (140 N. Y. Supp. 799), vacating and setting aside the order of Mr. Justice Jaycox, but upon appeal, and on May 16, 1913, this latter order was reversed and the original order was reinstated (In re Flynn, 141 N. Y. Supp. 807). Thereafter, and on May 26, 1913, the conditions precedent recited in said order having been performed, defendant tendered to the Hamilton Trust Company the amount then due upon said notes for principal and interest, and said trust company assigned and transferred the notes and the securities collateral to secure payment thereof, including the lighting company stock. Demand having been made upon plaintiff for the payment of his note for $20,500, which was refused, notice was thereupon given to him that on June 11, 1913, at the salesroom of Adrian H. Muller & Son, Nos. 14 and 16 Vesey street, in the borough of Manhattan, and city of New York, the said stock would be sold at public auction. Notice of the intended sale was also published in the Wall Street Journal, the New York Evening Post, and the New York Times. By consent of plaintiff, but reserving all his rights to object to said sale, an adjournment was taken to June 18, 1913, at the same time and place.

On the morning of that day this action was commenced. The relief sought was, among other things, that plaintiff be adjudged to be the owner of the Kings County Lighting Company stock, free from any claim of defendant thereto, and that the latter be restrained from selling or disposing of the same. On June 25, 1913, the order ap-

pealed from was made. This order enjoined defendant during the pendency of this action, or until the further order of this court, from selling or disposing of said lighting company stock.

That the Hamilton Trust Company could have sold said stock in default by plaintiff of his note is unquestioned. Defendant as its assignee has equal rights. Plaintiff alleges in his complaint that the order above referred to, directing the trust company to assign plaintiff's notes and the collateral thereto to defendant, was based upon the false and fraudulent representation and pretense that Patrick H. Flynn was the owner of all the collateral stock and bonds, except the Kings County Lighting Company stock. Whether this is the case or not, and whether defendant was entitled to the order which was made, said order is still in force, and the trust company is not complaining of it. Moreover, defendant does not claim title to the notes, and the collateral securities, through the order, but through the assignment to him by the trust company. The order may have been the inducing cause for its action, but it is not the source of defendant's title.

[3] In his brief the learned counsel for plaintiff and respondent says that the question in this case is as to the title of Patrick H. Flynn to certain of the securities thus assigned. It seems to us that this question is not involved at all. Concededly the Kings County Lighting Company stock belonged to plaintiff, and defendant, as the assignee of the pledgee of said stock, is seeking to realize upon the same in payment of plaintiff's debts. The other stocks and bonds, according to the allegations in plaintiff's moving papers, were delivered to him for the express purpose of pledging the same as collateral to his notes, and there is no suggestion of any diversion from such purpose, or any improper use of the same. That being so, no matter who owns these various securities, defendant, as the assignee of the trust company, is authorized to sell the same in accordance with the terms of the hypothecation contract to pay the debt. If there is a surplus, it may be that the question of title will become important. But there is no question of plaintiff's title as to the Kings County Lighting Company stock, and there is no person present in this controversy claiming title to any other of the securities, nor as yet has the defendant attempted to realize upon these.

[4] Plaintiff contends that this is not a favorable time to sell the lighting company stock. Whether this is so or not, the court has no power upon that ground alone to alter the contract between plaintiff and his pledgee. So far from there being anything unconscionable in defendant's method of procedure, he might have pursued, under the provisions of the contract, more drastic measures than he has employed.

The order continuing the injunction should be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs. All concur.