# Union Trust Company of Lancaster *v.* Mowrer, Appellant.

*Payments — Appropriation of payments — Promissory notes — Judgment—Proceeds of sheriff's sale of real estate.*

A trust company which is the owner of a judgment given by one subsequently adjudged a bankrupt, as collateral to secure the notes held by the trust company, cannot appropriate a dividend received on the judgment from the proceeds of a judicial sale of the bankrupt's real estate, to the payment in full of certain of the notes to the exclusion of a note on which there was an accommodation endorser. It must apply the dividend so received pro rata toward the payment of all the bankrupt's notes secured by the judgment.

Argued Nov. 10, 1915. Appeal, No. 85, Oct. T., 1915, by defendant, from judgment of C. P. Lancaster Co., June T., 1913, No. 39, for plaintiff on case tried by the court without a jury in suit of Union Trust Company of Lancaster v. Enos E. Mowrer. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Assumpsit on promissory note against an accommodation endorser.

The case was tried by LANDIS, P. J., without a jury under the Act of April 22, 1874, P. L. 109.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on case stated.

*William H. Keller*, with him *John A. Coyle*, for appellant.—A creditor may ordinarily hold an unlimited number of collaterals and can avail himself of any of them as long as the debt remains unpaid; he is not bound to resort to the collateral security before proceeding to re-

cover judgment on the original debt; nor is he bound to resort for payment to the original debtor before proceeding to recover upon the collateral security.

But judgments and mortgages held as collateral security are on a somewhat different footing, and, when the proceeds of such collateral judgment or mortgage are received by execution or other judicial process, the result is vastly different and the same principles do not apply.

In the first place, while a debtor may pledge bonds or other tangible security largely in excess of the amount of his loan, he cannot confess a valid judgment or execute a legal mortgage as collateral for more than the debt owing, and, if his debt is reduced by payments, the judgment or mortgage must be correspondingly reduced: Blackstone Bank v. Hill, 10 Pickering (Mass.) 129; Commercial Bank v. Cunningham, 24 Pickering (Mass.) 270; Browning v. Carson, 153 Mass. 255; Orleans County Nat. Bank v. Moore, 112 N. Y. 543; Cohen v. L'Engle, 29 Florida 655; Herr v. Lancaster Trust Co., 237 Pa. 344; Weightman's App., 10 W. N. C. 155; Burnell's Est., 9 W. N. C. 334; Bergdoll v. Sopp, 227 Pa. 363; Bond v. Armstrong, 88 Ind. 65; Merrimack County Bank v. Brown, 12 N. H. 320; Penna. Co.'s App., 18 W. N. C. 469; Crawford v. Bent, 21 W. N. C. 185; Black v. Robinson, 13 W. N. C. 172.

*John M. Groff*, for appellee.—Appellee's contention is that appellant's endorsement was additional collateral and can be called on at any time and the endorser is not entitled to a decree or order of subrogation until they have actually paid and satisfied the debt: Forest Oil Co.'s App., 118 Pa. 138; Allegheny N. B. App., 19 W. N. C. 78.

OPINION BY TREXLER, J., October 9, 1916:

On January 9, 1913, J. F. Weaver signed a promissory note for $625.00 payable ten days after date at the Union Trust Company of Lancaster, Pa., to the order of

Enos E. Mowrer, the defendant. Mowrer was accommodation endorser for Weaver. On March 14, 1912, there was entered in the prothonotary's office a judgment bond signed by J. F. Weaver for $9,000.00 conditioned to pay to the trust company "all notes now owned or that may in the future be purchased by the Union Trust Company of Lancaster, Penna., on which J. Frank Weaver, first party hereto, is or may be maker or endorser, whether accommodation or business paper." On January 20, 1913, Weaver was adjudicated a bankrupt and his real and personal estate was sold under order of the District Court. Out of the fund realized from the sale of real estate the trust company obtained, on account of its judgment, the sum of $4,500.00. The Union Trust Company afterwards sued the defendant for the full amount of the note endorsed by him refusing to credit any part of the payment received on the judgment from the sale of the bankrupt's real estate.

The sole question arising in this case is whether or not defendant is entitled to credit for his proportionate part of the amount realized by the plaintiff from the sale of the real estate of the bankrupt. The lower court decided that the defendant was not entitled to such credit. There is no question as to the principle at law that the creditor having several claims against his debtor may apply payments voluntarily made by debtor and not specially directed to be applied to a particular debt to such claim as the creditor may, see fit. There is, however a distinction which is drawn in a number of cases between voluntary payments and those arising out of proceedings at law where the payment is in invitum. As is stated in Armstrong v. McLean, 153 N. Y. 490, 47 N. E. 912, the rule as to the application of payments voluntarily made does not apply to money derived from a judicial sale of property securing several debts but such payments being made by operation of law are to be applied in the absence of any direction in the security pro rata upon the debts secured without regard to priority

of date or to the fact that other securities are held for some of the debts. Thus where several notes are secured by the same mortgage and all of the notes are due at the time the money is realized under it, the money will be applied to all ratably : Shelden v. Bennett, 44 Mich. 634; Parker v. Mercer, 6 Howard 320.

Where a mortgage is given as collateral security for two promissory notes and a draft upon one of which notes and upon the draft the mortgagor was the principal debtor, and on the other note was simply an endorser, the proceeds were distributed pro rata : Orleans County National Bank v. Moore, 112 N. Y. 543. The principle is recognized in Bergdoll v. Sopp, 227 Pa. 363, in which Justice BROWN applies the rule as follows : "The payment made to the appellant was an involuntary one, so far as the debtor was concerned. It was made to her by the law, through the Orphans' Court, as a dividend upon the entire sum due her by the decedent, and if part of that indebtedness was specially secured, a ratable portion of the payment made to her was to the relief of the surety, and equity will compel her to relieve him pro tanto" : citing Weightman's App., 10 W. N. C. 155, and Blackstone's Bank v. Hill, 10 Pick. 129. The above case of Bergdoll v. Sopp, is cited in Herr v. Lancaster Trust Co., 47 Pa. Superior Ct. 63, s. c. 237 Pa. 344.

The court below applied the dividend received from the personal estate of the bankrupt to the notes secured by the judgment pro rata giving as a reason that the notes were specifically presented and the dividend therefore was directly applicable to them pro rata. As to the real estate, the payment was made on the judgment. The effect of the giving of the judgment was merely to lend additional security for the debts represented thereby. The creditor thus obtained a lien on debtor's real estate. Apart from the notes secured by it, the judgment could not be urged as a claim against debtor's estate. Its amount was determined by the amount of the notes and interest and could not, as a valid claim, exceed the

amount due on the notes. When the judgment was presented and distribution made, every dollar paid out was a payment pro tanto on each note secured by it. In Blackstone's Bank v. Hill, supra, where a creditor recovered judgment on several notes some of which were made by the judgment debtor alone and others signed by a surety and took out an execution which was satisfied in part by a levy, it was held he could not apply the payment solely to the notes not signed by the surety but all the notes were to be paid proportionately and that all the debts sued for having been consolidated in one by the judgment, all, the notes embraced in it must be considered as paid pro tanto.

A number of cases to the same effect are cited in Am. & Eng. Ency. of Law, Vol. II, page 460, and in 30 Cyc. 1228.

We think the defendant was entitled to credit pro rata on the note in suit. The judgment is reversed and record remitted in order that judgment may be entered in accordance with this opinion. Appellee for costs.