JOHN EDWARD FITZGERALD, Appellant, v. EDNA E. FITZGERALD, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Mills, Rich, Jaycox and Manning, JJ., concur.

J. GEORGE FLAMMER, Appellant, v. FUR MERCHANTS WAREHOUSE CORPORATION and Another, Respondents.— Order affirmed, without costs. No opinion. Blackmar, P. J., Mills, Rich, Jaycox and Manning, JJ., concur.

AXEL FRODELL and JENNIE FRODELL, Respondents, v. LOUIS P. SCHEIN, Defendant, and ANNA O. SCHEIN, Appellant.— The fact that the husband deals in his own name with his wife's land will not make her liable as an undisclosed principal. (*Snyder* v. *Sloane*, 65 App. Div. 543.) Here, however, the wife's letter to Mrs. Frodell started the negotiations and her personal overtures contained inducements to the contract. The finding that she was the principal in the agreement, evidenced by the receipt and subsequent contract signed by her husband, is supported by the proof that she then held the title, and that the husband admitted that he signed, acting in behalf of his associates who were joining in the corporation not yet organized. Obviously an agreement signed in May could not be for and on behalf of a corporation not formed until July following. Therefore, the jury's finding that the appellant as legal owner was the real principal is amply sustained. As the agreement in suit was not under seal, there was no difficulty in this legal conclusion based on the verdict. (*City Trust, S. D. & S. Co.* v. *American Brewing Co.*, 182 N. Y. 285, 293.) The court submitted the issues impartially, and no point is urged as to its rulings or charge. Judgment unanimously affirmed, with costs. Present — Blackmar, P. J., Mills, Putnam, Kelly and Manning, JJ.

MARY L. D. HOWE, Appellant, v. GEORGE HOWE, Respondent.— Order affirmed. No opinion. Blackmar, P. J., Mills, Rich, Jaycox and Manning, JJ., concur.

ALFRED M. IRWIN, Appellant, v. JAMES ARD, Respondent.— We think this is a case warranting interference with the discretion of the court at Special Term. (See *Greene* v. *Faber*, 158 App. Div. 149.) The order is, therefore, reversed, with ten dollars costs and disbursements, and an injunction is directed to be issued. Blackmar, P. J., Mills, Rich, Jaycox and Manning, JJ., concur.

In the Matter of the Probate of the Last Will and Testament of SOPHIE K. BLANKEMEYER, Also Known as SOPHIA KING, Late of Queens County, Deceased. CASPER J. BLANKEMEYER, Individually and as Administrator, etc., Appellant; ANNA HABERLE and Others, Respondents.— Order of the Surrogate's Court of Queens county affirmed, with ten dollars costs and disbursements payable out of the estate. No opinion. Blackmar, P. J., Mills, Rich, Jaycox and Manning, JJ., concur,.